## COURTNEY *v.* CARR.

Before the actual return of a writ of attachment, it is the duty of the officer to serve it; and though the defendant may have had no property when the writ was first placed in the hands of the officer, and though the officer may have endorsed that fact upon the writ, yet if the defendant subsequently, and before the return of the writ, acquires property, or if further search discovers property belonging to him, it is proper for the officer to attach it.

An indorsement by a sheriff upon a writ of attachment, that there is no property of the defendant within his county, does not preclude his successor, to whom the writ has been delivered, from levying the attachment upon property of the defendant, nor render his acts irregular.

A mortgagee of real estate possesses no interest or title in the lands mortgaged, that can be attached.

Where an action is commenced by attachment against a non-resident, who is a mortgagee of real estate situated in the State, a levy of the attachment upon the lands so mortgaged to the defendant, will not give the district court of the county in which the lands lie, jurisdiction of the cause.

Courtney v. Carr.

An action against a non-resident defendant, to recover damages for the
alleged fraud of the defendant, in the sale of real estate, situated in
Boone county, commenced by attachment in the Boone county district
court.  The plaintiff had received a warranty deed of the premises, and
executed to the defendant a mortgage to secure the payment of a por-
tion of the purchase money.  Two writs of attachment were issued—
one directed to the sheriff of Boone county, and the other to the sher-
iff of Polk.  The writ directed to the sheriff of Boone county was re-
turned served, by attaching the land conveyed to the plaintiff, and on
which the defendant held a mortgage.  The writ directed to the sheriff
of Polk, was served by attaching certain real estate of defendant, situ-
ate in that county.  There was no service of any kind on the defend-
ant.  At the return term, the defendant appeared specially, and
moved that the venue in said cause be changed to Polk county, which
motion was overruled;  *Held*, That the district court of Boone county
had no jurisdiction of the cause; and that the court erred in over-
ruling the motion.

## Appeal from the Boone District Court.

### SATURDAY, JUNE 19.

This action was brought to recover ten thousand dollars
for the alleged fraud of the defendant, in the sale of cer-
tain lands, with a steam mill situated thereon, in Boone
county.  Plaintiff having made affidavit that defendant
was a non-resident of the State, two writs of attachment
were issued—one directed to the sheriff of Boone, and the
other to the sheriff of Polk county.  The writ directed to
Polk county, was returned served, by attaching certain lots
in Des Moines, taken as the property of said defendant, on
the twenty-second of April, 1857.  The one directed to the
sheriff of Boone, was returned August 17, 1857, and is en-
dorsed as follows :

" This writ came into my hands, April 27, 1857.  There
is no property of the within named Horace Carr in my
county.  May 25, 1857.

C. W. WILLIAMS, Sheriff of Boone Co., Iowa.

" This writ came into my hands, July 15, 1857.

S. J. BURTON."

"I received this writ, August 14th, 1857.

              W. H. HOLMES, Sheriff."

"I attached the [*the return here gives a description of certain lands*], according to deed record of Boone county, Iowa.           WILLIAM HOLMES,

            Sheriff of Boone Co., Iowa.

The land described in the return by the sheriff of Boone county, is the same as that sold by defendant to plaintiff, for which he executed a warranty deed, and upon which, to secure the balance of the purchase money, the plaintiff executed to defendant a mortgage. At the October term, 1857, the defendant not having been served with notice of the pendency of the action, he made a special appearance, and moved that the venue in said cause be changed to Polk county, which motion was overruled and the cause continued. He now appeals.

*M. D. & W. H. McHenry*, for the appellant.

*Finch & Crocker*, and *A. Y. Hull*, for the appellee.

WRIGHT, C. J.—Under the Code, the general rule is, that personal actions must be brought in the county wherein some of the defendants actually reside. If, however, none of them have a residence within this State, they may be sued in any county, wherein either of them may be found. Section 1761. In this case, the defendant was a non-resident; he was not served, or found, in any county; and we must, therefore, refer to other provisions, if any there are, to determine where the suit should have been brought.

In cases of attachment of property, where the defendant is not served, or where the suit relates to real property, it may be brought in any county where the real property, or any portion of it, lies, or where any part of the personal

property may be found.  Section 1703.   As already stated, the defendant was not served, and the question now is whether the district court of Boone county, under the circumstances disclosed, had jurisdiction of the case, or whether the venue should have been changed, on his motion, to Polk county.   It is quite manifest that property of the defendant was attached, by the sheriff of Polk county, and it is equally clear, that by virtue of that attachment, the district court of that county, would have had jurisdiction to hear and determine the cause.  If, however, any portion of defendant's real property lying in Boone county, was also attached, then the district court of that county, also had jurisdiction, and the motion to change the venue was properly overruled.   And thus we see, that the question is narrowed down to this: had the defendant such an interest in the land, set out in the sheriff's return, as could be attached in the method attempted, so as to authorize the court to take cognizance of the cause ?   In coming to this question, one or two positions, assumed by appellant, though not material to the disposition of the cause, may still properly receive attention.   And first, it is assumed that after the first sheriff, (Williams), made his return, it was irregular and incompetent for the second sheriff, to do any thing with the writ.   This might be true, if it appeared that the writ had been returned to the clerk, or into court.   But this is not shown.   On the contrary, it appears that the writ was not returned until after the second service by Holmes. The facts were doubtless these, that Williams made his return, and handed the writ to his successor, Holmes, who made the service in the manner stated.   And it is not true that, because the defendant may have had no property within the county, at the time the writ was placed in the hands of the sheriff, or at the time the first return was made, there was therefore no jurisdiction, if property was afterwards found and attached.  As well might it be assumed, that the court had no jurisdiction, because the defendant was not found by Williams, though Holmes

should afterwards have served him personally. Before the actual return of the writ, we think it was the duty of the officer to serve it; and though the defendant may have had no property at one time, yet if he had subsequently, and before the return of the writ, acquired property, or if further search developed property belonging to him, it was proper to attach it, and thus the court would get jurisdiction.

It is also claimed that the return of Holmes, does not state that the property attached was that of defendant, and that it is only where it affirmatively and clearly appears by the officer's return, that the defendant had an interest in such property, that the jurisdiction attaches. In this case, however, the bill of exceptions and the record, show that the property mentioned in the return, was the same as that sold and conveyed by defendant to plaintiff, and by plaintiff mortgaged to defendant, to secure the unpaid purchase money. It being shown and conceded, therefore, that defendant had by his warranty deed, parted with his title to the land, and all interest therein, and that his only claim thereto was by virtue of his mortgage, the question is, whether this interest, or claim, could be thus attached, so as to authorize the Boone district court to take jurisdiction of the cause, or whether it should have been transferred to Polk county, upon defendant's motion?

And this question, we think, must be answered in the negative. This action is transitory, and not local. It might be brought against the defendant in any county in the State, in which he might reside. Not being found there, the law says it may be brought, in cases of attachment, in any county where his property, or any portion of it, lies, or may be found. For this provision, there is a reason, else why not let it be brought in any county, without regard to the location or existence of the property. The answer is, that the judgment was to affect the thing —the property—and not the person, and the location of the property was made the test or criterion of jurisdiction.

But the reason and policy of the law would be defeated, if jurisdiction could be conferred by attaching that which was not subject to attachment, and which could not be made liable, after judgment, to the plaintiff's demand. Thus, if it appeared that the writ was served upon property, belonging to another, and in which the defendant had no interest, legal or equitable, it would be absurd to say, that by such unavailing and useless levy, the court obtained jurisdiction. So, if the levy is made upon property, or upon a claim or interest, which is not subject to attachment, and which could not be sold, it would be equally absurd, and equally contrary to the spirit and object of the law, to say that such levy conferred jurisdiction.

What interest then, let us inquire, had the defendant in this land, which could be the subject of attachment, or of levy and sale under execution? Will it be pretended that the interest of a mortgagee in lands, can be levied upon and sold, or that it can be attached and held? We clearly think not. Suppose it was sold, what interest or right would the purchaser acquire by his purchase? Could he proceed to foreclose the mortgage, upon a breach of its conditions? Could he, by virtue of his purchase, compel the mortgagee to transfer to him the debt or demand secured by the mortgage? Or, in this case, where the mortgagor proceeds to attach the land as the property of the mortgagee, what is his position? Suppose he should proceed to sell the land, under his judgment, could he plead such purchase, or aver the extinguishment of the mortgagee's lien, in bar of any suit brought on the notes, or a proceeding to foreclose the mortgage? To these inquiries, it seems to us, there can be but one answer. The unpaid purchase money was the principal object—the substance of the contract between the parties, to this mortgage—and the mortgage was a mere incident to the substantial thing. It was given to secure the payment of the money, and though cancelled or given up, the ordinary remedy to recover upon the notes, would not thereby be

taken away. The plaintiff—the mortgagor—had the legal title to the land, and had the right to the pos-session of the same, (section 1210); and he could not, by attaching and selling it as the property of the defendant,—the mortgagee,—divest the mortgage lien, nor take any additional title or interest himself, under such proceedings. Nor could a third person, by thus pur-chasing, acquire any title or interest, which would interfere with, or render less perfect and complete, the right of the mortgagee to assert and enforce his lien. While the right of the mortgagor in the premises, might be subject to attachment, execution, and sale, it by no means follows, that the lien of the mortgagee, would be subject to legal process. And we are not aware that it has been held in any state, that such lien, as an interest or right in the land, was subject to attachment, until, at least, there was, as is practiced in some states, an entry to foreclose. Williams on Mortg., 427; *Glass* v. *Ellison*, 9 N. H. 69; *Kelly* v. *Burnham*, Ib., 20; *Hunter* v. *Hunter*, Walker 194.

We have said that, as an interest or right in the land, this lien of the mortgagee could not be attached, so as to give jurisdiction to the district court of Boone county. But perhaps it is said that any property of the defendant, not exempt from execution, may be attached; and that the word property, includes lands, tenements, and heredita-ments, and all rights thereto, and interests therein, equita-ble as well as legal; as, also, money, goods, chattels, evidences of debt, and things in action. [This is true. Code, section 26. But to attach money, or debts due to the defendant, the proceeding must be by garnishment, and not by attaching the real estate upon which the de-fendant may have a lien to secure his money or debt. Section 1860. And a party plaintiff cannot, by taking an improper process, or by procuring a useless service, give jurisdiction, even though he might accomplish it by the proper process, or by another and appropriate proceeding. A third person, therefore, by instituting the proper pro-ceedings, might, by garnishment, attach and hold any

debt owing from plaintiff to defendant.   The plaintiff, however, could not in his own action, garnishee himself, and his remedy would not be by attachment, to reach the debt owing by him to the defendant, but by a proceeding in equity to restrain its collection, until his claim for damages could be adjudicated and ascertained. , Whether the circumstances are such as to justify the interposition of chancery, of course, we do not undertake now to determine. ' We only say, that he cannot, by attaching the land for which he has a warrantee deed, so reach the lien of the mortgagee thereon, as to give the court jurisdiction.

The order refusing the change of venue is, therefore, reversed.