## BAKER v. RYAN.

1. **Venue:** PERSONAL ACTION FOR DAMAGES, AIDED BY INJUNCTION TO RESTRAIN COLLECTION OF JUDGMENT: REMOVAL TO COUNTY OF DEFENDANT'S RESIDENCE: INJUNCTION DISSOLVED. Defendant, a resident of Jasper county, through his negligence as plaintiff's attorney, (as plaintiff alleges,) allowed other parties to procure a judgment against plaintiff in the district court of Scott county, which judgment defendant afterwards purchased, and was about to enforce against plaintiff's homestead. Plaintiff in this action, also brought in the district court of Scott county, seeks to recover damages against defendant for his negligence, and to offset the same against the judgment, and to enjoin the collection of the judgment pending the action. Defendant moved for a change of the place of trial to the county of his residence, and for a dissolution of the injunction. *Held* that both motions should have been sustained, because—

(1) The action for damages, being a mere personal action, should have been brought in the county of defendant's residence, (Code, § 2586,) and the injunction in aid thereof, conceding it to have been properly allowed, did not necessitate the bringing of the action in Scott county, under § 3396 of the Code, because it was not based on any alleged defect or invalidity in the judgment, but on facts subsequently arising; and to such a case the statute does not apply.

(2) The injunction should have been dissolved because the judgment was admitted to be valid and subsisting, and, in the absence of an allegation of defendant's insolvency, plaintiff was not entitled to have execution delayed in order that he might offset his demand in case of recovery.

*Appeal from Scott District Court.*

TUESDAY, DECEMBER 15.

ACTION in equity, in which an injunction was asked and obtained. Certain motions made by the defendant were overruled and he appeals.

*Winslow & Varnum*, for appellant.

*W. A. Foster* and *L. A. Ellis*, for appellee.

SEEVERS, J.—The petition states that the First National Bank of Davenport obtained a judgment against the plaintiff in the district court of Scott county, and that the bank commenced an action in the circuit court of Jasper county to subject the plaintiff's homestead to the payment of said judgment; that the defendant, who is a practicing attorney, was employed by the plaintiff to defend such action, but that, by reason of the defendant's negligence, the plaintiff therein obtained a judgment subjecting his homestead to the payment of the judgment in favor of the bank; (*First Nat. Bank of Davenport v. Baker*, 57 Iowa, 197, and *Same v. Same*, 60 Id., 132;) that by reason of such negligence the plaintiff sustained damages in the sum of $2,000; and that the defendant had purchased and is the owner of the judgment in favor of the bank, and that he has caused an execution thereon to be issued by the clerk of the district court of Scott county, directed to the sheriff of Jasper county, who has levied the same on the plaintiff's homestead, situated in Jasper county. The relief asked is that such damages be ascertained, and the same set off against said judgment, and plaintiff offers to pay any excess there may be. It is further asked that the defendant be enjoined from selling plaintiff's homestead under said execution. The defendant, Ryan, filed an answer to the petition, and for the purposes of this opinion it will be conceded that he admitted all the allegations of the petition. He also pleaded an affirmative defense, which need not be stated. The defendants moved the court to change the place of trial, and to dissolve the injunction on

the ground that there was no equity in the petition. These motions were overruled.

I.   It is insisted that the court erred in overruling the motion to change the place of trial, on the ground that the defendants were residents of Jasper county, and that the action was a personal action. We are of the opinion that this is a personal action, and that the motion should have been sustained. Code, § 2586. The plaintiff undoubtedly seeks to recover a judgment against Ryan on the ground of negligence. He clearly is not entitled to any relief unless he establishes the negligence alleged, and that he is entitled to damages. This, therefore, is a personal action against Ryan. The statement of the proposition demonstrates it, and argument in its support might have a tendency to obscure what is so apparent. Section 3396 of the Code provides that when "proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the suit must be brought in the county and court in which such action is pending or the judgment or order was obtained;" and it is said, as the object of the action was to obtain an injunction against the enforcement of the judgment by the sale of the plaintiff's homestead, that no other court than the one in which the judgment was obtained had the jurisdiction and power to grant the injunction. Conceding this to be so, the injunction was auxiliary only, and pertains merely to the remedy, and therefore cannot have the effect of changing what would otherwise be a personal action into something else. It is true that, where the object of an action is to declare the judgment or final order to be invalid, the action must be brought in the court in which the judgment or order was obtained. It has been so held. *Lockwood v. Kitteringham*, 42 Iowa, 257; *Anderson v. Hall*, 48 Id., 346; *Bennett v. Hanchett*, 49 Id., 71; *Grattan v. Matteson*, 51 Id., 622. But in the case at bar the validity of the judgment is conceded. It does not appear that it is inherently defective. It is conceded that the judgment

Baker v. Ryan.

is in full force and effect. Why, then, should it not be enforced? Simply because the plaintiff has an independent cause of action against the defendant which should be adjudicated and determined before the judgment should be enforced in the manner the plaintiff seeks to enforce it. In our opinion, the statute should not be construed as embracing such a case.

The object of the statute is to prevent a conflict between courts. Hence the action contemplated by the statute is required to be brought, not only in the same county, but in the same court. If the action is brought to set aside the judgment or order upon the ground that it should not have been entered, or for any reason which inhers in or grows out of the judgment, there is much reason in requiring it to be brought in the court which rendered the judgment, and such a case is evidently contemplated in the statute. So, too, if the object of the action is to declare it invalid for some reason which existed at the time the judgment was rendered. But suppose that some matter has arisen since the judgment was rendered,—such as payment,—why should the action to enjoin its enforcement be brought in the same court? In the case at bar, the plaintiff seeks to enjoin the judgment, not on the ground that it never should have been entered, or that it is invalid, or should not be enforced, but because facts which have occurred since the judgment was entered make it inequitable to enforce it by the sale of his homestead. This is an independent cause of action which has accrued since the judgment was rendered, and we think such a case is not within the spirit and intention of the statute, and may therefore be brought in any court having jurisdiction of the parties and subject-matter.

II. In our opinion, the court erred in overruling the motion to dissolve the injunction. Much that has been said is applicable to this question. The defendant has a valid judgment against the plaintiff which he seeks to enforce by the sale of property upon which it is a lien. The plaintiff

has a simple claim or cause of action against the defendant, which he seeks to offset against the judgment, and there is no averment that the defendant is insolvent. Now, it seems clear to us that such offset cannot be made, and this probably will be conceded by counsel for the appellee. Their contention is, as we understand it, that, because of the relation of trust and confidence which existed between the plaintiff and defendant in the former action, the latter should not now be permitted to enforce the payment of the judgment by the sale of the property in question. But, conceding the negligence of the defendant, and that the plaintiff is entitled to recover damages therefor, the only effect of this concession is to show that the plaintiff has a cause of action against the defendant. On this cause of action the plaintiff is not entitled to recover because of confidence reposed in the defendant as an attorney. His action is based on negligence for which any employer may recover of an employe. It is independent of, and has no connection with, and does not grow out of or inhere in, the judgment. The court erred in not sustaining both motions.

REVERSED.