STATE of Iowa ex rel. Richard C. TURN-
ER, Attorney General, Appellant,

v.

IOWA ELECTRIC LIGHT & POWER
COMPANY, Appellee.

No. 2-58056.

Supreme Court of Iowa.

April 14, 1976.

Julian B. Garrett, Asst. Atty. Gen., for
appellant.

William O. Gray, Keith E. Stapleton, and
John F. Gaston, Cedar Rapids, for appellee.

Don Charles Uthus, Philip B. Malter, and
Gary D. Stewart, Des Moines, for Iowa
State Commerce Commission, amicus curi-
ae.

Bradshaw, Fowler, Proctor, & Fairgrave,
and Lynn K. Vorbrich, Des Moines, for
Iowa Power & Light Co., amicus curiae.

Heard before MOORE, C. J., and MA-
SON, LeGRAND, REES and HARRIS, JJ.

HARRIS, Justice.

This appeal is addressed, not to the mer-
its of the litigation, but to the question of
where it must begin. The trial court held it
must begin before the Iowa State Com-
merce Commission and we agree.

The attorney general in behalf of the
State brought this action to challenge late-
payment charges collected from its custom-
ers by the Iowa Electric Light & Power
Company (defendant). The petition alleges
such charges are usurious and constitute a
public nuisance against which permanent
injunction is sought.

Defendant filed a special appearance as-
serting primary jurisdiction over the State's
contentions rested in the Iowa State Com-
merce Commission (the commission). It is
defendant's position the State should be
required to exhaust the administrative rem-
edy before the commission prior to bringing
suit in district court.

The trial court sustained the special ap-
pearance on the ground exclusive jurisdic-
tion for the dispute was initially in the
commission. The State has brought this
appeal seeking to establish its right to initi-
ate the action in district court. It acknowl-
edges it could have proceeded first before
the commission but insists to do so was a
permissive option and not a mandatory re-
quirement.

I. The State's petition alleges defendant
assesses an additional "late-payment penal-
ty" equal to five percent of the actual
amount due on all customer bills remaining
unpaid 15 days after billing. The State's

petition contends such a penalty is "interest founded upon a contract for the sale of services and personal property, and for the forebearance of collection of a debt."

The State believes that because such charge exceeds "five cents (5) on the hundred by the year on unwritten contracts" and nine cents (9) on the hundred by the year on written contracts", it is an illegal and usurious interest rate under § 535.2 and § 535.4, The Code. State also argues most penalties are on mere open accounts which may not lawfully draw interest until six months after the date of the last item, citing § 535.2, subd. 1(f), The Code. The State's petition alleges such charges are continued violations which should be declared and enjoined as a public nuisance under the rule announced in *State ex rel. Turner v. Younker Brothers, Inc.,* 210 N.W.2d 550, 564 (Iowa 1973).

Defendant pointed to its status as a "public utility" under § 490A.1, The Code, with the attendant regulation of its activities by the commission. It stated the commission had, under § 490A.3, The Code, undertaken investigation and regulation of late-payment penalties. Defendant's special appearance noted an investigation on late-payment penalties culminated in an interim order requiring the filing of tariffs based on cost analysis. The order stated "the Commission retains jurisdiction of this matter for further action consistent with * * staff investigation."

The commission had also undertaken jurisdiction of a complaint by Joseph Delich challenging defendant's late-payment penalty. The commission undertook an investigation and held hearing thereon.

■ II. The commission withheld action on Delich's complaint pending the filing of briefs, and no action was taken thereon at the time of the trial court ruling. Since we are bound by the record made in trial court we cannot consider the commission's later disposition of the Delich claim. We cannot in review consider matter occurring subsequent to the trial court ruling. *Morris v. Morris,* 197 N.W.2d 357, 359 (Iowa 1972); 5 Am.Jur.2d, Appeal and Error, § 728, pp.

171–172; 5 C.J.S. Appeal & Error § 1487, pp. 777–779. The State separately claims the trial court should have undertaken jurisdiction on the ground it would have been futile to present the claim to the commission. This argument is mainly based on disposition later made by the commission of the Delich complaint. We find that, omitting as we must any facts relating to disposition of the Delich complaint, the record does not support the State's futility argument. We give it no further consideration.

■ III. The sole issue presented by the appeal was whether the trial court erred in declining, in favor of the commission, jurisdiction of the State's petition.

The commission acted in the belief it is at least initially responsible for the matters challenged in this suit. Defendant is a "public utility" as defined in § 490A.1, The Code. Section 490A.1, The Code, makes the rates and charges of public utilities subject to the regulation of the commission. Defendant's late-payment charge is incorporated into and is a part of the tariffs which, pursuant to § 490A.4, The Code, it has filed with the commission and which the commission has approved.

Much has been written on the area where jurisdictions of the courts and various administrative agencies, overlap. Terms such as primary resort, primary decision, preliminary resort, prior resort, exclusive jurisdiction, primary jurisdiction, and exhaustion of remedies tend to become confused as they relate to the rules which attempt to allocate controversies between courts and agencies. See generally Jaffe, *Primary Jurisdiction,* 77 Harv.L.Rev. 1037 (1964) and Bezanson, *Judicial Review of Administrative Action in Iowa,* 21 Drake L.Rev. 1 (1971).

Our cases have discussed the terms "primary jurisdiction" and "exhaustion of remedies" which describe two closely related concepts. *Rowen v. LeMars Mut. Ins. Co. of Iowa,* 230 N.W.2d 905 (Iowa 1975); *Charles Gabus Ford v. Iowa St. Highway Com'n,* 224 N.W.2d 639, 647–648 (Iowa 1974). See also *United States v. Western P. R. Co.,* 352 U.S. 59, 63–65, 77 S.Ct. 161, 164–165, 1 L.Ed.2d 126, 132–133 (1956).

**914**

The trial court, however, held the defendant's special appearance should not be determined on the sole basis of either primary jurisdiction or exhaustion of remedies. Its ruling was based on a belief the legislature entrusted the commission with "exclusive jurisdiction", subject only to judicial review.

The State has acknowledged the adequacy of the remedies afforded it before the commission. And the State concedes the commission's jurisdiction over the instant controversy, denying only that such jurisdiction is exclusive. We believe the commission's jurisdiction should have been exhausted before this suit was brought. " * * * When the legislature has given an administrative agency jurisdiction to entertain the particular controversy, we have held the jurisdiction is exclusive and must be exhausted before resort to the courts unless a contrary intent is clearly manifested by the legislature. (Authorities)." *Rowen, supra,* 230 N.W.2d at 909.

It would seem late-payment rates and charges would fall within the general category of "rates, charges, schedules, service, regulations, or anything done or omitted to be done by any public utility" which has been assigned to the commission for regulation by § 490A.3, The Code. See 2 Am. Jur.2d, Administrative Law, § 598, pages 431–433. The question presented is clearly distinguishable from an individual's claim he was charged the wrong amount. *Oliver v. Iowa Power & Light Company,* 183 N.W.2d 687, 692 (Iowa 1971).

The trial court properly ruled the controversy should have been initiated before the commission.

AFFIRMED.