STATE of Iowa ex rel. Richard C. TURNER, Attorney General, Appellee,

v.

The CITY OF ALTOONA, Appellant.

No. 61302.

Supreme Court of Iowa.

Jan. 24, 1979.

Ed Skinner, P. C., Altoona, for appellant.

Richard C. Turner, Atty. Gen., and Julian B. Garrett, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This is a contest between the state and one of its municipalities brought by the Attorney General to enjoin the defendant city from collecting a late-payment charge authorized by ordinance on bills issued by the city-owned waterworks. The city appeals from a decree finding the ordinance violates the Iowa usury statute contained in Chapter 535, The Code; 1977. We reverse and remand.

The pertinent part of the ordinance is as follows:

"Bills for water shall be due and payable quarterly * * * and a 10 per cent penalty shall be added if not paid by the 15th day of the respective month in which said water bill is due. * * * The town [of Altoona] reserves the right to discontinue water service, and the superintendent of public works or clerk is hereby authorized to discontinue service at the expiration of 30 days from and after any water charges are due, in arrears and unpaid."

The Iowa usury statute is found in Chapter 535, The Code. It provides that interest shall not exceed 5 per cent unless the parties agree in writing for a higher rate not to exceed 9 per cent (§ 535.2). The chapter further provides in § 535.4 as follows:

"No person shall, directly or indirectly, receive in money or in any other thing, or in any manner, any greater sum or value for the loan of money, or upon contract founded upon any sale or loan of real or personal property, than is in this chapter prescribed."

There is little dispute about the facts. It is conceded the above statute applies to governmental subdivisions. *See* definition of "person" in § 4.1(13), The Code. It is further conceded the charge exceeds the permissible interest allowed under Chapter 535. We also take it as admitted that the late-payment charge is interest as that term is defined in *State of Iowa, ex rel. Turner v. Younker Bros., Inc.*, 210 N.W.2d 550, 554, 559 (Iowa 1973). Thus, the issue to be decided is whether our usury statute (Chapter 535, The Code) is applicable to rates fixed by defendant under the authority of § 384.84, The Code.

The state alleges the city is "openly, publicly, repeatedly, continuously, persistently, and intentionally violating Chapter 535, Code of Iowa 1977, by charging its customers this illegal and usurious interest." The city admits it imposes and collects the penalty charge and that it intends to continue doing so, but denies any violation of Chapter 535.

The city filed a motion for adjudication of law points under Rule 105, Rules of Civil Procedure. The parties agreed a resolution of this motion would also dispose of the case on its merits. Accordingly, they asked the court to consider the motion as a final submission.

The trial court entered judgment finding the late-payment charge is usurious and enjoining its collection. In reaching this conclusion, the trial court relied heavily on *Younkers*. On this appeal, the city's principal authority is *State of Iowa, ex rel. Turner v. Iowa Electric Light and Power Co.*, 240 N.W.2d 912, 914 (Iowa 1976).

The latter case involved the rate structure of a public utility. There are significant differences between a public utility and a city owned one which limit *Iowa Electric's* influence on this appeal. However, that decision did establish that late-payment charges fall with the "general category of rates, charges, schedules, service, [and] regulations" under § 476.1, The Code. *See* 240 N.W.2d at 914. We believe this is applicable, too, with reference to rates fixed

by the city council under §§ 384.80(6) and 384.84, The Code.

The city argues the grant of authority over rates under § 384.84 is plenary. The state takes the opposite view, as did the trial court, arguing that the city, like everyone else, is subject to the limits of § 535.4 in charging interest by way of late-payment penalty.

The question has not previously been before us. On the surface the state's position appears unanswerable. However, this does not hold up when we consider § 384.93 as it relates to § 384.84. We set out the pertinent portions of these two statutes:

"384.84. 1. The governing body of a city utility, combined utility system, city enterprise, or combined city enterprise may establish, impose, adjust, and provide for the collection of rates to produce gross revenues at least sufficient to pay the expenses of operation and maintenance of the city utility, combined utility system, city enterprise, or combined city enterprise."

\*　\*　\*　\*　\*　\*

"384.93. The enumeration in this division of specified powers and functions is not a limitation of the powers of cities, but the provisions of this division and the procedures prescribed for exercising the powers and functions enumerated in this division control and govern in the event of any conflict with the provisions of any other section, division or chapter of the city code or with the provisions of any other law."

■ Does § 384.93 permit the city to charge interest rates which, except for its provisions, would be admittedly usurious? This depends on the interpretation to be given the two statutes set out above. Our duty is to seek out the legislative intent in order to give effect to the purpose and design of the enactments. This is especially true when we construe statutes for the first time. *Doe v. Ray,* 251 N.W.2d 496, 500–501 (Iowa 1977); *State of Iowa, ex rel. Iowa State Highway Commission v. City of Davenport,* 219 N.W.2d 503, 507 (Iowa 1974); *Osborne v. Edison,* 211 N.W.2d 696, 697 (Iowa 1973); *In re Estate of De Vries,* 203 N.W.2d 308, 310 (Iowa 1972); *Cedar Memorial Park Cemetery Assn. v. Personnel Associates, Inc.,* 178 N.W.2d 343, 350 (Iowa 1970); Rule 14(f)(13), Rules of Appellate Procedure.

The trial court resolved this problem by reconciling §§ 384.84 and 535.4, applying the former only within the limits permitted by the latter. While this is indeed one of several possible interpretations, we reach an opposite result. We believe the legislature intended the rate-making power of the city to be exclusive. As pointed out earlier, late payment charges are included within the definition of rates. The body having the authority over rates should also have the right to fix these charges.

We should point out the state does not claim the charge is unreasonable, only that it violates our usury statute. This does not defeat the purpose of usury laws, which are designed to protect against excessive interest charges. *See* 45 Am.Jur.2d *Interest and Usury,* § 4 (1969). The legislature has simply substituted one kind of protection for another.

■ In authorizing municipalities to own and operate utilities, the legislature not only empowered the governing body to fix rates but also provided its decision should control in case of conflict with "any other law." By this provision, we believe the legislature intended the statutory procedure set out in § 384.84, with right of judicial review, should control in fixing *all* rates, including late charges. Thus we hold § 535.4 does not inhibit the late payment charge assessed here.

Cases from other jurisdictions offer no help because our usury statute is one of the few which include within their proscription credit sales as well as loans. *See* discussion in *State of Iowa, ex rel. Turner v. Younker Bros., Inc.,* 210 N.W.2d at 558–59.

In view of our conclusion, we need not consider other issues raised by the city. The judgment is reversed and remanded for entry of judgment for the city and a disso-

lution of the injunction enjoining collection of the penalty charges.

REVERSED and REMANDED.

All Justices concur except McGIVERIN and LARSON, JJ., who take no part.