**LaVerne W. JOHNSON, Appellee,**

v.

**Frank B. NELSON, Appellant.**

**No. 62061.**

Supreme Court of Iowa.

Feb. 21, 1979.

Francis Fitzgibbons and Harold W. White of Fitzgibbons Brothers, Estherville, for appellant.

A. Roger Witke, Timothy J. Walker and Ned A. Stockdale of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

The question presented is whether a legal malpractice action properly may be brought under § 616.18, The Code, 1977, in the county where an underlying civil suit was dismissed, or whether it must be brought under § 616.17 in the county of residence of the defendant lawyer. Trial court ruled venue may be in the county where the underlying case was dismissed. We affirm.

Defendant Frank B. Nelson, an attorney, represented plaintiff LaVerne W. Johnson in a personal injury action brought against various persons in the Polk County district court in 1971. The case was dismissed under rule 215.1, R.C.P., for want of prosecution in 1974. Defendant did not apply for reinstatement of that case. The statute of limitations applicable to the personal injury action has run.

Both plaintiff and defendant are residents of Clay County, Iowa.

Based on the dismissal and defendant's actions in handling his tort suit, Johnson brought a legal malpractice action against Nelson in Polk County. Prior to answer, Nelson moved under rule 175, R.C.P., for change of venue to Clay County, where he has resided for several years, and urged that § 616.17 mandated the transfer. Trial court overruled the motion and concluded that, under § 616.18, plaintiff had the option of bringing the present suit in Polk County.

Nelson takes this interlocutory appeal from the order denying his motion for change of venue.

The following issues are raised for review:

(1) Is legal malpractice a "personal action" within the meaning of § 616.17?

(2) Does § 616.18 constitute an exception to § 616.17 which is applicable to legal malpractice actions?

(3) Has Johnson sustained "damage to property" in Polk County through dismissal of his civil suit?

I. *The venue statutes.* This appeal presents our first opportunity to examine the relationship between §§ 616.17 and 616.18 since recent amendment to the latter statute.

Section 616.17 is a general venue statute, providing:

Personal actions, *except as otherwise provided,* must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found. (Emphasis added.)

Section 616.18, enacted in 1941, stated in relevant part:

Motor vehicle damage actions.

Actions arising out of injuries to a person or damage to property *caused by the operation of any motor vehicle* may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained. (Emphasis supplied.)

Until 1972 § 616.18 existed as a special venue provision dealing with claims arising out of motor vehicle accidents. Legislative revision, however, has eliminated the motor vehicle characterization and made the statute of more broad applicability. In 1972 the emphasized portion was deleted and § 616.18 now provides:

Personal injury or damage actions. Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident, or in the county in which the injury or damage is sustained.

1972 Iowa Acts, chapter 1127 § 1 at 508.

With this background, we must determine whether venue in the present legal malpractice action must be placed under the general rule stated in § 616.17 or may be under the exception to the rule expressed in § 616.18. We turn to general principles of law for guidelines in resolving this issue.

Suits in tort for injury to the person or damage to personal property are transitory and, in absence of statute, may be brought wherever the defendant may be found. 77 Am.Jur.2d, *Venue,* § 15 at 853. This common law principle has given way to regulation by statute. In most modern jurisdictions venue statutes regulate the place of trial. 77 Am.Jur.2d, *Venue,* § 2 at 834.

■ As long as the law does not transgress constitutional provisions, the legislature may fix venue at its discretion. *Minnesota Valley Canning Co. v. Rehnbolm,* 242 Iowa 1112, 1115, 49 N.W.2d 553, 554 (1951); 77 Am.Jur.2d, *Venue,* § 3 at 835.

By establishing venue in the county of defendant's residence, § 616.17 expresses a venue preference which has existed since 1851. § 1701, The Code, 1851. See *Courtney v. Carr,* 6 Iowa 238, 240 (Cole 1858). Iowa case law has recognized the existence of the venue preference for the county of defendant's residence. In *Producers Livestock Marketing Association v. Livingston,* 216 Iowa 1257, 1261, 250 N.W. 602, 604 (1933), this court stated the general venue rule that "ordinarily a defendant is entitled to be sued in the county of his residence." Earlier, in *Kosman v. Thompson,* 204 Iowa 1254, 1265, 215 N.W. 261, 265–266 (1927), this court had acknowledged the "historical policy of granting trials at the defendants' residences."

Despite the historical preference for venue in the county of the defendant's residence, § 616.17 permits special venue provisions to supercede the preference for defendant's residence through use of the phrase "except as otherwise provided." Chapter 616 includes numerous special venue statutes which fall under this exemptive language. We, therefore, must determine both whether legal malpractice falls within the scope of § 616.17 and whether alleged legal malpractice in this case is excepted from the general rule by § 616.18.

■ II. *The venue preference for defendant's residence—§ 616.17.* That a malpractice action is a "personal action" within the meaning of the § 616.17, setting venue at defendant's residence, was established in *Baker v. Ryan,* 67 Iowa 708, 710, 25 N.W. 890 (1885). In *Baker* this court reviewed a case wherein the plaintiff suffered a judgment against him due to the alleged negligence of his attorney in defending a lawsuit. The attorney thereafter purchased the judgment and sought to enforce it. Plaintiff sued in *Baker* for assessment of damages to be set off against the judgment. When the defendant's attorney moved for change of venue to his home county, this court said:

> We are of the opinion that this is a personal action, and that the motion should have been sustained. § 2586. The Petitioner undoubtedly seeks to recover a judgment against Ryan on the ground of negligence. He clearly is not entitled to any relief unless he establishes the negligence alleged, and that he is entitled to damages. This, therefore, is a personal action against Ryan.

Although *Baker* served to place malpractice actions under § 616.17 for venue purposes, § 616.18, the statutory exception here in controversy, did not become effective until 1941. *Bascom v. District Court of Cerro Gordo County,* 231 Iowa 360, 362, 1 N.W.2d 220, 221 (1941). *Baker,* therefore, is not controlling in determining the proper venue statute governing the present case and we must examine the impact of § 616.18.

III. *The venue where damage to property is sustained—§ 616.18.* Our research indicates that § 616.18, when applied to transitory actions, presents unique statutory language. Several other states provide a venue alternative to the defendant's residence in transitory cases. None have statutory language similar to § 616.18. In other jurisdictions venue statutes for transitory actions often utilize language such as "where the cause of action arose"[1] or "where a

1. Compare, Alaska Stat. § 22.10.030(b) (1966); Kan.Stat.Ann. § 60.603(3) (Supp.1978); Minn. Stat.Ann. § 542.09 (Supp.1978); Neb.Rev.Stat. § 25.409 (1975); Or.Rev.Stat. § 14.080 (1953); Pa.R.C.P. 1006; Utah Code Ann. § 78–13–7 (1953); Va.Code § 8.01–262 (Supp.1978); W.Va.Code § 56–1–2 (1966).

transaction or occurrence took place"[2] to define a venue other than residence.

Since the issue presented for our determination is of first impression, we look to principles of statutory construction for guidelines. The duty of this court is to determine the legislative intent in initially reviewing a statute in order to give effect to the statutory purpose. *State of Iowa ex rel. Turner v. City of Altoona,* 274 N.W.2d 366 (Iowa 1979); *Goebel v. City of Cedar Rapids,* 267 N.W.2d 388, 389 (Iowa 1978); *Doe v. Ray,* 251 N.W.2d 496, 500–501 (Iowa 1977).

Our research as to the legislative history to the 1972 amendment to § 616.18 is not helpful to our resolution of the present meaning of the statute.

The operative language of present § 616.-18 from which we must make our determination as to propriety of venue in Polk County for the present action is:

> Actions arising out of . . . *damage to property* may be brought . . . in the county in which the injury or damage is sustained. (Emphasis added.)

■ In considering statutory language, we must look at what the legislature said, rather than what it should or might have said. Rule 14(f)(13), R.App.P. Words are given their ordinary meaning unless defined differently by the legislature or possessed of a particular and appropriate meaning in law. *Kelly v. Brewer,* 239 N.W.2d 109, 113–114 (Iowa 1976).

■ The word "property" has long been considered by this court to be a word of broad meaning in contexts other than venue. In *Clark v. Lucas County Board of Review,* 242 Iowa 80, 98, 44 N.W.2d 748, 758 (1950), citing *First National Bank of Estherville v. City Council,* 136 Iowa 203, 209, 112 N.W. 829, 832 (1907), this court said "the term 'property' includes everything of value, tangible or intangible, capable of being the subject of individual right or owner-

ship." See also *Beeghly v. Wilson,* 152 F.Supp. 726, 729 (D.Iowa 1957). More recently, in *Clark v. Figge,* 181 N.W.2d 211, 214–216 (Iowa 1970), we examined the meaning of "property" in the context of statutes of limitation applicable to the tort of interference with a business relationship. We concluded business relationships were proprietary in character and, therefore, fell within the statute of limitation governing "injuries to property."

Further support for a broad definition of property is found in the Code. Section 4.1(10) defines "property" to include personal and real property. Section 4.1(9) states personal property includes "things in action." Since Johnson's original personal injury cause of action was a "thing in action", it is property. In amending § 616.18, the legislature utilized the term "property" without qualification, notwithstanding its assumed knowledge that the term has been broadly construed to include both tangible and intangible property. See *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780, 787 (Iowa 1971).

Defendant Nelson contends we should give the word "property" in § 616.18 an interpretation to only include tangible property. He argues that the statute in effect from 1941 to 1972 contemplated only corporeal or physical injury to property, since the damage must have been "caused by the operation of any motor vehicle." Although Nelson argues the same view of property should continue, we believe the legislature intended to broaden the previous venue base by deleting the qualifying clause. The unqualified use of the term property would bring the longstanding definitions of "property" in §§ 4.1(10) and (9) back into play.

We conclude plaintiff's personal injury action was "property" for the purposes of § 616.18.

Without doubt plaintiff's property was "damage(d)", within the language of § 616.-18, when his personal injury action was

2. Compare, Ala.Code § 6–3–2(3) (1975); Ill. Rev.Stat. 110 § 5 (Supp.1978); Miss.Code Ann. § 11–11–3 (1972); N.M.Stat.Ann. § 21–5–1 (1953).

dismissed and the statute of limitations ran on his claim against the original defendants. A cause of action can be damaged when the right underlying it is lost or can not be adjudicated. We must consider, however, whether the injury or damage to plaintiff's property was "sustained" in Polk County. The trial court concluded that it was.

Defendant Nelson contends the location of intangible property is considered to be that of the residence of its owner, citing *Crane Co. v. City Council of Des Moines,* 208 Iowa 164, 166, 225 N.W.2d 344, 345 (1929). Since Clay County is Johnson's residence, Nelson concludes the proper venue is not Polk County.

However, defendant's argument overlooks the language presently under inspection in § 616.18 involving "the county in which the injury or damage is sustained." It would take a strained construction of the quoted language to conclude the injury or damage to plaintiff's cause of action was sustained in Clay County, plaintiff's residence.

We believe the injury or damage to plaintiff's lawsuit was sustained in Polk County where the rule 215.1 dismissal occurred.

In considering § 616.18, we may consider the consequences of a particular construction. § 4.6(5).

Although our interpretation of § 616.18 under the record in this legal malpractice case finds § 616.18 an applicable exception to § 616.17, § 616.17 may be controlling in other contexts.

While we have broadened the meaning of the term property beyond the meaning applicable to the pre-1972 context of § 616.18, we do not imply that § 616.17 is rendered meaningless. Our holding is confined to the facts of this case and we do not speculate on the ultimate scope of § 616.18. Should the relationship between § 616.17 and § 616.18 prove to be an area of continuing difficulty, the legislature may fix or broaden venue at its discretion.

All contentions raised by defendant have been considered whether specifically discussed or not.

The trial court was right in overruling defendant's motion for change of venue. The case is affirmed.

AFFIRMED.