James TULL, Jr., A Minor; Rhonda Tull and Jimmy Lee Tull, Parents; and Rhonda Tull as Next Friend, Appellees,

v.

HONDA RESEARCH AND DEVELOPMENT, LTD.; Honda Motor Co., Ltd.; American Honda Motor Co.; U.S. American Honda, Defendants,

and

Richard Johnson, Appellant.

No. 90–40.

Supreme Court of Iowa.

May 15, 1991.

Barry A. Russell and Lu Ann White of Hanson, Bjork & Russell, Des Moines, for appellant Richard Johnson.

James W. Carney of Carney, Hudson, Williams, Blackburn & Grask, Des Moines, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

Iowa Code chapter 616 (1989) has two venue provisions that determine where personal injury actions shall be filed. They are Iowa Code sections 616.17 and 616.18. Another provision, Iowa Code section 616.-20, provides that a nonresident defendant is entitled to a dismissal when all resident defendants are dismissed. However, section 616.20 is expressly limited to actions brought pursuant to section 616.17; section 616.18 is not mentioned.

Originally four corporations and an individual were sued. The four corporate defendants settled and were dismissed from the lawsuit. The remaining defendant, a nonresident of the county where the suit was filed, moved to dismiss pursuant to section 616.20. The district court thought section 616.18 controlled the place of venue so it refused to dismiss the lawsuit. Because we think section 616.17—rather than section 616.18—controlled, we reverse and remand.

On July 31, 1987, James Tull, Jr., injured himself on a Honda three-wheel all terrain vehicle. He was six at the time. The accident happened in Ringgold County on property owned by Richard Johnson. Johnson also owned the vehicle.

The child's parents, Rhonda Tull and Jimmy Lee Tull, filed a lawsuit seeking damages for themselves and on behalf of the child because of this accident. They sued Johnson and four corporations. The corporations included Honda Research and Development, Ltd. (the designer); Honda Motor Co., Ltd. (a wholesale distributor); U.S. American Honda (a wholesale distributor); and American Honda Motor Co. (a retailer). The petition alleged strict liability and negligence against the Honda corporations and negligence against Johnson.

The Tulls filed the lawsuit in Polk County although Johnson and the Tulls were residents of Ringgold County. The corporate defendants were foreign corporations. Only one—American Honda Motor Co.— had a registered agent in Iowa. And that agent had its office in Polk County.

In their petition the Tulls alleged they sued pursuant to Iowa Code section 616.18. Section 616.18 is a venue provision.

Several months after the suit was filed, Johnson moved for a change of venue from Polk County to Ringgold County. *See* Iowa R.Civ.P. 175. Johnson claimed the Tulls sued in the wrong county. The district court overruled the motion.

In the meantime the Tulls settled with all the corporate defendants, leaving Johnson as the only defendant. This prompted Johnson to move for reconsideration of this ruling or in the alternative for dismissal. Relying on Iowa Code section 616.20, Johnson claimed the action should be dismissed because he was the sole remaining defendant and a nonresident of Polk County. The district court also overruled this motion.

Shortly before the district court's first ruling, the child's father dismissed his personal claim against all the defendants. That left the child and the child's mother as the sole plaintiffs.

Johnson filed an application for interlocutory appeal, challenging the two rulings. We granted the application.

I. We assume, without deciding, that the lawsuit was filed in the proper county. So we address only the issues raised by the district court's denial of Johnson's motion to dismiss filed after all the corporate defendants settled and were dismissed.

Before beginning our analysis, it would be helpful to distinguish between jurisdiction and venue. One treatise writer describes the difference this way:

The concept of venue is closely related to that of territorial jurisdiction, and the two are often confused. In order to avoid this confusion one should remember that jurisdiction relates to the power to adjudicate, whereas venue is an administrative limitation on where that power should be exercised.

18 Fletcher, *Cyclopedia Corporations* § 8651, at 137 (rev. ed. 1991).

In moving to dismiss, Johnson relied on Iowa Code section 616.20. This section provides:

*Where an action provided for in sections 616.17* [personal actions] *and 616.-19* [actions on negotiable papers] *is against several defendants, some of whom are residents and others nonresidents of the county, and the action is dismissed as to the residents,* or judgment is rendered in their favor, or there is a failure to obtain judgment against such residents, *such nonresidents may, upon motion, have said cause dismissed,* with reasonable compensation for trouble and expense in attending at the wrong county unless they, having appeared to the action, fail to object before judgment is rendered against them.

(Emphasis added.) In overruling the motion, the district court noted that section 616.20 applied only to actions filed pursuant to sections 616.17 and 616.19. The district court relied on the Tull's allegation in their petition that they filed the lawsuit pursuant to section 616.18. Obviously, section 616.18 is not mentioned in section 616.-20. So the district court ruled that section 616.20 did not apply.

For reasons we discuss, we hold that section 616.17—not section 616.18—controlled the proper place of venue. So section 616.20 did apply, and the district court erred when it ruled otherwise. Our analysis necessarily involves a discussion about the interplay of three statutes: Iowa Code sections 616.17, 616.18, and 616.20.

Section 616.17 provides:

*Personal actions,* except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found.

(Emphasis added.)

At common law, there were three types of actions: real, personal, and mixed. Real actions were those for the specific recovery of land. Personal actions were those brought for the specific recovery of goods, or for damages because of a tort or breach of contract. Mixed actions pertained to some degree to both real and personal actions. They were brought for the specific

recovery of land and for damages because of injury to property. 1 Am.Jur.2d *Actions* § 8, at 549, § 38, at 572 (1962).

What is now section 616.17 has been in existence for over 100 years as a general venue statute. *See Johnson v. Nelson*, 275 N.W.2d 427, 428–29 (Iowa 1979). We think "personal actions" in the statute clearly include personal injury suits—like this one—based on negligence and strict liability. This court's interpretation of an earlier version of section 616.17, involving a legal malpractice suit, supports our conclusion:

> We are of the opinion that this is a personal action, and that the motion [for change of venue] should have been sustained. The plaintiff undoubtedly seeks to recover a judgment against [the defendant] on the ground of negligence. He clearly is not entitled to any relief unless he establishes the negligence alleged, and that he is entitled to damages. This, therefore, is a personal action against [the defendant].

*Baker v. Ryan*, 67 Iowa 708, 710, 25 N.W. 890, 890 (1885); *accord Johnson*, 275 N.W.2d at 429. In addition, this interpretation is consistent with the common-law notion of personal actions.

Section 616.17 was the general venue statute for personal actions until 1941 when the predecessor to section 616.18 was passed. Section 616.18 as originally passed provided:

> Actions arising out of injuries to a person or damage to property *caused by the operation of any motor vehicle* may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damages is sustained.

Iowa Code § 616.18 (1946) (citing 1941 Iowa Acts, ch. 298, § 1) (emphasis added). The statute existed as a special venue provision for claims arising out of motor vehicle accidents until 1972. In that year, the legislature deleted the italicized language dealing with motor vehicles. 1972 Iowa Acts ch. 1127, § 1, at 508; *see also Johnson*, 275 N.W.2d at 428.

Section 616.18 now provides:

> Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or *in the county in which the injury or damage is sustained.*

(Emphasis added.) As it now reads, this section is an exception to section 616.17. The exception, of course, is that venue is no longer restricted to the residence of the defendant. Venue is also proper in the county in which the injury or damage is sustained. *Johnson*, 275 N.W.2d at 431.

In *Johnson*, we interpreted the term "property" in the present statute broadly to include intangible as well as tangible property. *Id.* at 430 (personal injury action is "property" within the meaning of Iowa Code section 616.18). Although we determined that section 616.18 is an exception to section 616.17, we recognized that section 616.17 may be controlling in other contexts. *Id.* at 431. We did not mention what those contexts were.

 We now hold that section 616.17 is controlling in those cases where the "injury or damages is sustained" exception in section 616.18 does not apply. Put another way, the only time section 616.18 would apply is when the injury or damage is sustained in a county where none of the defendants resides.

Section 616.17 expressly recognizes exceptions through the language "except as otherwise provided." Chapter 616 contains a number of special venue provisions that fall under this generalized exception. We view the "injury or damage is sustained" language in section 616.18 as simply one of those exceptions. Our holding is faithful to the historical venue preference for the county of the defendant's residence that has existed since 1851. *See id.* at 429.

 Here section 616.17 controlled the place of venue when Johnson was sued. This is so because the injury or damage was sustained in Ringgold County, Johnson's place of residence. So section 616.18 did not apply because the injury or damage was not sustained in a county where none of the defendants resided..

As we noted earlier, section 616.20 expressly includes actions controlled by section 616.17. Section 616.20 entitles a nonresident of the county where suit is brought to a dismissal when the action is dismissed as to the resident defendants. So when Johnson moved for dismissal, he was entitled to it because he was the only defendant left and he was not a resident of Polk County where the suit was filed.

II. Although our holding mandates a dismissal of the Tulls' lawsuit, we see no statute of limitations problem. We think Iowa Code section 614.10 saves the lawsuit. Section 614.10 provides:

> If, after the commencement of an action, the plaintiff, *for any cause except negligence in its prosecution,* fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.

(Emphasis added.) The language "for any cause" is broad enough to cover dismissals under section 616.20. In addition, we fail to see how the Tulls could be negligent for not prosecuting the case. What triggered dismissal under section 616.20 was the settlement with the four corporate defendants coupled with the remaining defendant being a nonresident of Polk County. In our view, a contrary result would tend to discourage settlements.

III. We reverse the second ruling of the district court that denied Johnson's motion to dismiss. We remand for further proceedings consistent with this opinion. Following dismissal of their lawsuit, any timely second lawsuit the Tulls may bring shall be held to be a continuance of the first one pursuant to Iowa Code section 614.10.

REVERSED AND REMANDED.