Robert M. BENTON, Appellee,

v.

Thomas P. SLATER, Appellant.

No. 98–1127.

Supreme Court of Iowa.

Jan. 20, 2000.

As Amended on Denial of Rehearing Feb. 11, 2000.

Thomas P. Slater of Meyer & Slater, Des Moines, pro se, and Thomas P. Schlapkohl, Des Moines, for appellant.

Mark J. Wiedenfeld and Joseph P. McLaughlin of the Wiedenfeld Law Office, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, CADY, and HARRIS,* JJ.

NEUMAN, Justice.

This is an interlocutory appeal brought to challenge the district court's refusal to grant a change of venue under Iowa Rule of Civil Procedure 175. We reverse and remand for further proceedings.

The facts are not disputed. Thomas Slater, an attorney and resident of Polk County, represented clients by the name of Meador in a medical malpractice action. Slater engaged the services of Robert Benton, another attorney, to assist him. Benton practices in Warren County. The two men reportedly agreed to share fees depending on whether the suit settled or went to trial.

Slater evidently settled the case on behalf of his clients without prior notice—or payment—to Benton. Benton then brought this suit for breach of contract. He commenced the action in Warren County. Slater accepted service at his office in Polk County but accompanied his return with a letter expressing his belief that proper venue for the action was in Polk County.

Benton refused to consent to a change of venue so Slater, prior to answer, filed a motion for change of venue. *See* Iowa R. Civ. P. 175(a) (action brought in wrong county may be prosecuted there unless defendant, before answer, moves for change to proper county). Relying on Iowa Code section 616.17 (1997), Slater asserted that a personal action such as Benton's must be commenced in the county of the defendant's residence. Benton resisted, citing Iowa Code section 616.18 for the proposition that suit may be brought either in the county where the defendant resides or in the county where the injury occurred. He claimed he was injured in Warren County by Slater's failure to pay him there, as agreed.

In its ruling on Slater's motion, the district court bypassed the question whether section 616.17 or section 616.18 applied. The court instead ruled that Slater was estopped from moving for change of venue by accepting service of notice of Benton's action filed in Warren County. We then granted Slater's petition for interlocutory appeal to consider which venue statute properly applies.

**I. Scope of Review.**

■ This action to recover on a contract for attorney fees was brought in equity, so our review would ordinarily be de novo. *Folkers v. Britt*, 457 N.W.2d 578, 580 (Iowa 1990). No facts are in dispute, however, and the sole question is whether the district court properly applied the law. Thus our review is for the correction of errors at law.

* Retired justice serving as senior judge pursuant to Iowa Code section 602.9206 (1999).

## II. Issues on Appeal.

■ A. *Waiver/Estoppel.* Slater begins by challenging the district court's belief that acceptance of service of process is sufficient to estop him from thereafter contesting venue in Warren County. Benton, in response, seeks to uphold the decision on the ground the court was right for the wrong reason. *See Citizen's First Nat'l Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980) (appellate court may affirm on any ground properly urged in the trial court).

■ Slater plainly has the better argument. Waiver requires proof of voluntary and intentional relinquishment of a known right. *Folkers,* 457 N.W.2d at 581. For the doctrine of equitable estoppel to apply, the plaintiff must furnish proof that the defendant misrepresented or concealed material facts, the plaintiff lacked knowledge of the true facts, the defendant intended plaintiff to act on the basis of the misrepresentation, and the plaintiff detrimentally relied thereon. *Id.* at 582. The record before us dispels, rather than supports, these proof requirements. Nothing about Slater's acknowledgment of service and accompanying letter would lead an opposing party to conclude he had waived his right to timely move for change of venue under rule 175.

Slater acknowledged receipt of Benton's petition and accepted service as a matter of professional courtesy. By doing so he obviated the need for, and expense of, service by more formal means. We hold such conduct does not constitute waiver of a litigant's rights under rule 175. *Cf.* Fed. R.Civ.P. 4(d)(1) (providing defendant who waives service of summons does not thereby waive objection to venue or personal jurisdiction). The district court's ruling to the contrary must be reversed.

■ B. *Which venue statute applies?* The real question is which of the two statutory venue alternatives posed by the parties applies to the controversy before us. Slater's motion for change of venue to the county of his residence urged application of section 616.17. It states:

> Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found.

Iowa Code § 616.17. Benton, on the other hand, claims the alleged breach of his contract with Slater occurred in Warren County (where he expected to be paid) thus triggering the exception in section 616.17 and authorizing venue in Warren County in accordance with Iowa Code section 616.18. That statute states:

> Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained.

Iowa Code § 616.18.

Our cases have long recognized that section 616.17, the general venue statute, reflects the historical preference for bringing actions in the county of the defendant's residence. *Tull v. Honda Research & Dev., Ltd.,* 469 N.W.2d 683, 686 (Iowa 1991); *Johnson v. Nelson,* 275 N.W.2d 427, 429 (Iowa 1979). Section 616.18 was initially enacted as a special venue statute governing the trial of motor vehicle accident claims. *Johnson,* 275 N.W.2d at 428. The legislature amended the statute in 1972, however, to eliminate the motor vehicle limitation and make the statute more broadly applicable to actions "arising out of injuries to a person or damage to property." *Id.* (quoting Iowa Code § 616.18).

Benton's suit against Slater asserts no claim of personal injury. So the narrow question before us is this: Does an ordinary action for breach of contract involve damage to property?

■ Slater concedes on appeal that Benton's contract with him is proprietary in nature. His position accords with the

general definition of "property"— everything of value, both tangible and intangible, capable of individual right or ownership. *Id.* at 430; *accord Tull*, 469 N.W.2d at 686. In keeping with this broad definition, an individual's rights in a contract may be sold, assigned, or pledged as security. We likewise recognized in *Johnson* that a personal injury claim, being a "thing in action," constitutes a property right subject to damage or loss due to negligence. *Johnson*, 275 N.W.2d at 430–31. Thus venue for a malpractice action to recover damages for such a loss would be governed by section 616.18. *Id.* at 431.

Benton's contractual claim against Slater, however, is not alleged to have been damaged or compromised in any way. Its value has not yet been determined, but Benton makes no claim that Slater has injured or impaired his ability to pursue it. The claim before us is simply a personal action to recover sums owing, and yet unpaid, under a contract. No damage to property has been identified.

We thus conclude Benton's suit for breach of contract is a personal action governed by the venue provision of Iowa Code section 616.17. The district court should have granted Slater's motion to transfer venue to the county of his residence. We therefore reverse the ruling of the district court and remand for further proceedings in accordance with Iowa Rule of Civil Procedure 175.

**REVERSED AND REMANDED.**