The CONE CORPORATION, Plaintiff,

v.

The FLORIDA DEPARTMENT OF TRANSPORTATION, et al.,
Defendants.

No. 90–563–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 1990.

270

Maxwell G. Battle, Jr., Maxwell Battle, Jr., Pa., Dunedin, Fla., Herbert P. Schlanger, Law Office of Herbert P. Schlanger, P.C., Atlanta, Ga., for plaintiff.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss or for more definite statement, filed June 7, 1990, and response thereto, filed June 25, 1990.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The motion to dismiss asserts several reasons for dismissal of the complaint filed in this cause of action: 1) improper venue; 2) Eleventh Amendment immunity; 3) failure to state a claim upon which relief may be granted; 4) res judicata/collateral estoppel; 5) lack of standing; and 6) failure to join an indispensable party. Additionally, and in the alternative, Defendants seek a more definite statement from Plaintiffs.

Essentially, the complaint in this case alleges that Defendants have promulgated rules, regulations, and bid conditions and specifications which require Plaintiff to utilize, in connection with hiring, training and promotion, classifications based on race, sex, and national origin of applicants. Further, it is alleged that: 1) Defendants did not at the time of the promulgation of the rules, regulations, and bid conditions and specifications, nor do they now, have the necessary factual basis for determining that such are necessary to remedy identified discrimination; 2) Defendants failed to narrowly tailor the race, sex, and ethnic conscious rules, regulations, and bid conditions and specifications in order to insure that they only remedied identified discrimination; 3) use of the classifications on projects for which federal assistance is provided violates the Fourteenth Amendment; 23 U.S.C. §§ 140 and 324, and 42 U.S.C. §§ 1983, 2000d and 2000e–2; and 4) unconstitutional refusal to award job no. 0200–3608 to Plaintiff.[1]

*Venue*

Defendants suggest that the question of venue should be addressed prior to the issues of subject-matter jurisdiction, based on "sound prudential justification"; the resolution of the entire case rather than a portion. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); *Leech v. First Commodity Corporation of Boston,* 553 F.Supp. 688 (W.D.Pa.1982). Plaintiff makes no objection to this request; therefore, the venue question will be addressed in the first instance.

This cause of action is not one based solely on diversity of citizenship and is governed by 28 U.S.C. § 1391(b), which states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship

---

1. Plaintiff recognizes that a decision adverse to Plaintiff has been had on the question of whether Defendants may constitutionally require contractors to meet a Disadvantaged Business Enterprise participation goal on projects funded in part with federal funds. *Cone Corporation v. FDOT,* Case No. TCA 88–40042–WS, 1989 WL 205230 (N.D.Fla.1989). Plaintiff concedes that unless that case is reversed on appeal it will be precluded from recovery under this claim (Count III of the complaint).

may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Plaintiff concedes that all defendants do not reside in the Middle District of Florida, but asserts that the claim arose in this district, thereby imbuing this district with venue. In asserting that the claim arose in the Middle District of Florida, Plaintiff states:

> What is being alleged is that the plaintiff is forced by the FDOT to use racial, ethnic, and sexual criteria in making determinations for hiring and training purposes. Those decisions are made by the plaintiff at its principal place of business in Tampa and at its various work sites, the majority of which are in the Middle District of Florida. The damage suffered by the plaintiff from application of the defendants' rules and regulations ... is felt by the plaintiff in the Middle District of Florida. Plaintiff must comply with those rules and regulations in the Middle District of Florida.
>
> Clearly, the effect of the defendants' decisions is felt by the plaintiff in the Middle District of Florida, plaintiff's claim "arises" in the Middle District, and venue is proper in this district.

In urging the Court to find that the Middle District of Florida is not the proper venue, Defendants assert the following events or facts have operative significance in this case and establish that the appropriate venue in this case is the Northern District of Florida:

> [I]t is clear that Secretary [of the Florida Department of Transportation] Watts performs his official duties from the headquarters office in Tallahassee; the rules, regulations and statutes of the FDOT which Plaintiff challenges ... would have been enacted and implemented in Tallahassee and are enforced from Tallahassee; contract bids and specifications are formulated in Tallahassee; contracts are let for bid and accepted in Tallahassee; bids are deemed responsive, or not, in Tallahassee; contract awards are announced in Tallahassee; and compliance with performance of those contracts is monitored from Tallahassee. Furthermore, all records regarding contracts, contractors and specific bids are maintained in Tallahassee, and the individuals who administer those functions (i.e., likely witnesses) work in Tallahassee. In short, there is little, if any, activity related to Plaintiff's claims (other than the fact that Cone Corporation, itself, is located there) which would allow venue to properly lie in the Middle District of Florida.

The provision of § 1391(b) extending venue to the district in "which the claim arose" was added in 1966, and, according to the legislative history, was to facilitate disposition of cases by providing a more convenient forum to the litigants and the witnesses involved. *Lamont v. Haig*, 590 F.2d 1124 (D.C.Cir.1978).

In determining where the claim arose, a court should ascertain the events having operative significance and combine that with a "commonsense appraisal of the implications of those events for accessibility to witnesses and records." A number of courts have found § 1391(b) to confer venue where a substantial portion of the acts or omissions occurred, even though venue might also lie in other districts. *Lamont*, 590 F.2d 1124.

> [I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts ... Rather, it restricted venue either to the residence of the defendants or to "a place which may be more convenient to the litigants"—i.e., both of them—"or to the witnesses who are to testify in the case." (citations omitted) ... [A] plaintiff may choose between [the districts] that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim. (citations omitted). *Leroy v. Great Western United Corp.*, 443 U.S. 173, at 185, 99 S.Ct. 2710, at 2717, 61 L.Ed.2d 464 (1979).

The Supreme Court in *Leroy* makes it clear that the convenience of the plaintiff is not a factor to be considered in determining the appropriate venue for a case. The Court must evaluate whether the two districts, the Middle and Northern Districts of Florida, have approximately equal "events" of "operative significance" to determine appropriate venue.

A major issue in this case will be whether or not Defendants had, or now have, at the time of promulgation of the rules, regulation and bid specifications and conditions, a factual basis for determining that such were necessary to remedy identified discrimination and were the rules narrowly tailored to only remedy identified discrimination. See, *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989).

The rules and regulations which are contested were enacted and implemented in the Northern District of Florida. Evidence concerning the factual basis for the promulgation of such rules and regulations are most likely to be found in that district, including those individuals, and potential witnesses, who are responsible for the drafting and adoption of such rules and regulations.

The Court is satisfied that a substantial portion of the events having "operative significance" occurred in the Northern District of Florida and does not find it approximately equally plausible to bring this cause of action in either district. Therefore, this Court concludes that the claim arose in the Northern District of Florida, pursuant to 28 U.S.C. § 1391(b). Accordingly, it is

ORDERED that Defendants motion to dismiss, based on improper venue be granted and this cause of action be dismissed, without prejudice to refile in the Northern District of Florida.

DONE and ORDERED.