Ronald H. **LEECH**, Louis M. **McMaster** and Erma L. **McMaster**, his wife, William D. **Harman**, William A. **Johnson** and Janet C. **Johnson**, his wife, Elliott Surveying, Inc., by Lawrence R. **Elliott**, President, Ruth M. **Johnson**, Plaintiffs,

v.

**FIRST COMMODITY CORPORATION OF BOSTON and Stanley B. Wasser, Defendants.**

Civ. A. No. 82–0401.

United States District Court, W.D. Pennsylvania.

Dec. 10, 1982.

William A. Johnson, Washington, Pa., for plaintiffs.

Andrew J. Conner, Erie, Pa., for defendants.

## OPINION

MANSMANN, District Judge.

This matter is before the Court on a Motion to Dismiss and incorporated in that Motion, an alternative Motion to Transfer, filed jointly by Defendant First Commodity Corporation of Boston ("FCCB") and Defendant Stanley B. Wasser. Eight Plaintiffs [1] brought this action as a result of Defendants' alleged fraud and negligence in the handling of Plaintiffs' commodities accounts. For the reasons set forth below, Defendants' Motion to Dismiss is denied. Defendants' alternative Motion to Transfer is granted but for reasons different from those advanced by Defendants.[2]

\* \* \*

In November 1979, Plaintiff Leech responded to a newspaper advertisement by FCCB concerning purchases of gold commodities by sending a card to FCCB's Miami office. Shortly thereafter Mr. Wasser, who was at that time a commodities broker for FCCB in its Miami, Florida office,[3] telephoned Mr. Leech at his home in Washington County, Pennsylvania and later mailed him FCCB literature.

At Mr. Wasser's request, Mr. Leech supplied him with the names, addresses and telephone numbers of others who were interested in purchasing commodities. Thereafter, all of the named Plaintiffs engaged in commodities transactions through Mr. Wasser as their broker. Mr. Wasser performed all of his commodities brokerage services for Plaintiffs in Miami.

Mr. Wasser, from time to time, telephoned the Pennsylvania Plaintiffs from Miami, particularly Mr. Leech.[4] He also met with Mr. Leech in Miami but otherwise had no face-to-face contact with Plaintiffs outside of Florida.

Plaintiffs allegedly suffered financial losses as a result of misrepresentations made by the Defendants as well as negligence in the handling of their commodities accounts. They brought this action pursuant to the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, alleging a violation of § 4b, 7 U.S.C. § 6b, as well as common law negligence and fraud based upon diversity, and presumably pendent, jurisdiction. Defendants have moved to dismiss [5] contending, *inter alia,* lack of *in personam* jurisdiction and improper venue.

\* \* \*

A court may reverse the normal order of considering personal jurisdiction and venue when it is prudential to do so. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180, 99 S.Ct. 2710, 2715, 61 L.Ed.2d 464 (1979). We choose to do so here, particularly since the question of personal jurisdiction is the more difficult one and since resolution of the venue issue "resolves" the case before this Court.

---

1. The eight Plaintiffs are Ronald H. Leech, Louis M. McMaster and his wife, Erma L. McMaster, William D. Harman, William A. Johnson and his wife, Janet C. Johnson, Elliott Surveying, Inc., by its president, Lawrence R. Elliott, and Ruth M. Johnson.

2. Defendants incorporated in their Motion to Dismiss an alternative Motion to Transfer this case to the Southern District of Florida based upon the doctrine of *forum non conveniens* and 28 U.S.C. § 1404(a). We are transferring this case to the Southern District of Florida but are doing so based upon improper venue and 28 U.S.C. § 1406(a).

3. FCCB, a Massachusetts corporation, maintains its principal place of business in Boston. It also has offices in New York, Chicago, San Francisco, Newport Beach (California) and Miami.

4. Plaintiff Ruth M. Johnson resides in New Jersey. Most of her dealings with Mr. Wasser were through her brother, Mr. Leech.

5. *See* n. 2 with respect to Defendants' alternative Motion to Transfer.

Defendants argue that venue in this forum is improper because neither of them reside in Pennsylvania nor does Plaintiffs' claim arise here.[6]

Venue in this case is governed by 28 U.S.C. § 1391(b).[7] That provision states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. 28 U.S.C. § 1391(b).

It is undisputed that all of the Defendants do not reside in this District.[8] Therefore, venue is proper only if the claim arose here.

■ The determination of "where the claim arose" for purposes of federal venue under § 1391 is a federal question whose answer depends upon federal law. *Leroy v. Great Western United Corp., supra,* at 183 n. 15, 99 S.Ct. at 2716 n. 15.

The general rule is that "the place where the claim arose is the situs of events important to the case." *Goldhaber v. Foley,* 519 F.Supp. 466, 473 (E.D.Pa.1981), quoting *Lamont v. Haig,* 590 F.2d 1124, 1133 (D.C.Cir. 1978). It is to be "ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Id.;* 590 F.2d at 1134.

In discussing § 1391(b), the United States Supreme Court has stated:

In our view, . . . the broadest interpretation of the language of § 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim. *Leroy v. Great Western United Corp., supra,* 443 U.S. at 185,[9] 99 S.Ct. at 2717.

■ In this case, we believe that the significant operative events occurred in the Southern District of Florida. In this regard, all of the brokerage services provided by Mr. Wasser were performed in that District.

Plaintiffs' allegations concerning the negligent handling of their accounts are based upon events which took place in Miami.

Plaintiffs' allegations of fraud also rest largely upon actions taken in Miami. Mr. Wasser telephoned and sent written materials to Plaintiffs from Miami. Further, any face-to-face meetings between Defendants

---

**6.** Plaintiffs do not separate their arguments relating to *in personam* jurisdiction from the issue of venue. Therefore, it is difficult to determine exactly what they assert with respect to venue. It appears from their discussion of *in personam* jurisdiction that they contend that their claim arises in this District.

**7.** The Commodity Exchange Act does not contain a venue provision. Therefore, the general venue statute, 28 U.S.C. § 1391, governs.

Section 1391(b), rather than § 1391(a), applies here because jurisdiction in this case is not founded solely on diversity of citizenship. Thus, jurisdiction is also founded upon 28 U.S.C. §§ 1331 and 1337 by virtue of the Commodity Exchange Act.

**8.** The record indicates that Mr. Wasser resides in the Southern District of Florida and no one contends otherwise. Hence, even assuming *arguendo* that FCCB could be said to reside here under the definition of corporate residence pro-

vided by § 1391(c), *all* of the Defendants do not reside here.

**9.** Thus, in deciding where the claim arose under § 1391(b), a court may consider the availability of witnesses, the accessibility of other relevant evidence, and the convenience of Defendants *but not* the convenience of Plaintiffs. The Supreme Court possibly ignored the convenience of Plaintiffs in considering venue under § 1391(b) because, "unlike § 1391(a), § 1391(b) venue does not lie in the judicial district in which all Plaintiffs reside, but only 'where all Defendants reside.'" *Akbar v. New York Magazine Co.,* 490 F.Supp. 60, 66–7 (D.D.C.1980). Therefore, "if the action could not be brought under § 1391(b) in the judicial district where all Plaintiffs reside, then the convenience of Plaintiffs should not be considered in determining where the claim arose." *Id.* at 67.

and Plaintiffs took place in Miami. We do not believe that it is significant for Plaintiffs to have *heard* or *read* the alleged misrepresentations in Pennsylvania when the oral or written statements were actually made or produced elsewhere.

Moreover, all of Plaintiffs' dealings were with the Miami office of FCCB. FCCB does not maintain an office, agent, phone number or bank account in this District. Thus, it does not consummate any sales through an on-site representative or office.

Many of the pertinent records and witnesses are located in Miami. Certainly, the Southern District of Florida is a more convenient forum for the Defendants, particularly for Mr. Wasser.[10]

In summary, we find that venue properly lies in the Southern District of Florida rather than in this District.

\* \* \*

Under 28 U.S.C. § 1406(a), a court may transfer or dismiss a case for improper venue.[11] *See, e.g., Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Courts favor the resolution of disputes on the merits. *Budd Co. v. United States Dep't. of Transp.,* 89 F.R.D. 555, 558–559 (E.D.Pa.1981). Plaintiffs' action could have been brought originally in the Southern District of Florida. Further, Defendants requested transfer as an alternative to dismissal, albeit on different grounds. Therefore, we find that the interest of justice warrants the transfer of this case to the United States District Court for the Southern District of Florida rather than its dismissal.

An appropriate Order will issue.

---

10. Mr. Wasser maintains that he is unemployed and is financially unable to conduct his defense so far from his home.

11. 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.