**Paul HEMANN, Plaintiff,**

v.

**MURLAS COMMODITIES, INC., Michael Ugino, Leroy H. Gordon, Paul Kvistad, and Rodger Mitchell, Defendants.**

No. 2C 86–3093.

United States District Court, N.D. Iowa, C.D.

July 10, 1987.

Robert E. Walker, Fort Dodge, Iowa, for plaintiff.

Terry J. Abernathy, Cedar Rapids, Iowa, Jerome A. Tatar, Chicago, Ill., for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on defendants' motion to dismiss or transfer. A hearing was held on February 24, 1987. After careful consideration of the parties' briefs and arguments, the Court denies defendants' motion to dismiss, but transfers this matter to the Northern District of Illinois, Eastern Division.

Plaintiff resides on a farm in Badger, Iowa. In response to a radio commercial, plaintiff contacted Defendant Murlas Commodities in Chicago, Illinois and opened a commodity futures trading account with them. He signed a customer agreement, and Murlas commenced trading on his account. However, plaintiff became disenchanted with his investment and closed his account. He then sued the defendants, alleging violations of the Commodity Exchange Act, RICO, and included a pendent state claim of fraud.

Defendants argue that venue is improper in Iowa and that this case must be dismissed or transferred to the district where venue is proper. As plaintiff has pleaded violations of various federal laws, this action is not based solely on diversity jurisdiction. Therefore, the venue provision which applies is 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is *not* founded solely on diversity of citizenship may be brought *only* in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.[1]

(Emphasis added). Section 1391(c) provides:

---

1. The parties have pointed to no law which would provide otherwise. However, the Court notes that the venue provision for a civil RICO claim, 18 U.S.C. § 1965(a), provides that any civil RICO action may be brought in the district where the defendant resides, is found, has an agent, or transacts his affairs. However, the Court finds that the defendants here do not meet any of these requirements.

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

■ All of the defendants reside in or near Chicago, Illinois. Defendant Murlas Commodities, Inc. is an Illinois corporation whose only office is located in Chicago. Therefore, under 28 U.S.C. § 1391(b), venue is proper in Iowa only if plaintiff's claim "arose" here. The Eighth Circuit has noted three principal tests in determining where a claim arose: (1) the weight-of-contacts rule; (2) the place-of-injury rule; and (3) the American-Law-Institute rule. *Cochrane v. Iowa Beef Processors*, 596 F.2d 254, 260 (8th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979). The *Cochrane* court applied the American-Law-Institute rule, which permits venue in any district in which "a substantial part of the events or omissions giving rise to the claim occurred." *Id.* at 261.

Applying this standard to the facts of the case at bar, the Court concludes that the plaintiff's claim arose in Illinois. Plaintiff contacted defendants in Illinois and sent his money there for the purposes of opening an account. The customer agreement which plaintiff signed provided that there was no contract until the agreement was accepted and approved in Chicago. Also, all trading on plaintiff's account was done through Murlas' Chicago office. None of the defendants traveled to Iowa for the purpose of conducting business with plaintiff. Based on these facts, the Court finds that venue is proper in the Northern District of Illinois under § 1391(b).

■ Next, the Court must determine whether venue is proper in Iowa pursuant to 28 U.S.C. § 1391(c). As stated before, Defendant Murlas Commodities is an Illinois corporation whose only office is in Chicago. Therefore, for venue to be proper in Iowa under § 1391(c), Murlas must be "doing business" here. As the Eighth Circuit has noted, courts disagree as to whether due-process personal jurisdiction standards (minimum contacts) are sufficient for "doing business" or whether a higher level of activity must be demonstrated. *Bredberg v. Long*, 778 F.2d 1285, 1289 (8th Cir.1985). The Eighth Circuit decided this issue in *Maybelline Co. v. Noxell Corp.*, 813 F.2d 901 (8th Cir.1987). The *Maybelline* court held that "doing business" for venue purposes requires a higher standard than that for personal jurisdiction. *Id.* at 905. In the instant case, the only contacts are Defendant Murlas' advertising in Iowa and phone calls in response to plaintiff's initial queries. This case is very similar to *Leech v. First Commodity Corporation of Boston*, 553 F.Supp. 688 (W.D.Pa.1982). There, plaintiff sued First Commodity, alleging fraud and negligence in the handling of plaintiff's commodity account. *Id.* at 689. Leech responded to First Commodity's newspaper ad by sending a card to First Commodity's Miami office. *Id.* Brokers at First Commodity handled Leech's account and phoned plaintiff from time to time from the Miami office. *Id.* The court found that venue in Pennsylvania was improper under 28 U.S.C. § 1391(c), concluding that First Commodity was not "doing business" in Pennsylvania. *Id.* at 691. From the foregoing discussion, the Court concludes that defendants were not "doing business" in Iowa for the purposes of § 1391(c).

■ Once a court finds improper venue, it has two choices pursuant to 28 U.S.C. § 1406(a):

The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(Emphasis added). Thus, as venue is improper in Iowa under either 28 U.S.C. § 1391(b) or (c), this Court finds that it has no real choice and must, in "the interests of justice" transfer this case to the Northern District of Illinois, Eastern Division.[2]

---

**2.** The Court is not persuaded that equity or fairness have been reached. The plaintiff was never apprised that he would not be able to sue in Iowa if there was a controversy. It is appar-

IT IS THEREFORE ORDERED that defendants' motion to dismiss is hereby denied.

IT IS FURTHER ORDERED that defendants' motion to transfer is hereby granted, and this case is transferred to the Northern District of Illinois, Eastern Division.[3]

ent that the defendants have carefully planned it that way. There should be a law requiring such defendants to make this clear before they accept any money.

3. This Court is reluctantly signing this order. The case law appears to give it no real choice. The actions of Michael Ugino, a representative of the defendant company (as the evidence before the Court demonstrates) may well have been a violation of both federal and/or state law, and a certified copy of this order shall be sent by the Clerk of this Court to the United States Attorney in Chicago and to the Attorney General of Iowa with a cover letter attaching a copy of pertinent pleadings herein and a copy of the affidavit of Paul Hemann with two taped conversations with Ugino attached.