James BECKER, Christina Rickels, Robert Rickels, Nicholas Rickels, Stephanie Rickels, and Jamie Becker, Appellants,

v.

Peter WRIGHT, Kenneth Poppenhagen, and Benton County, Iowa, Appellees.

No. 94–1555.

Supreme Court of Iowa.

Nov. 22, 1995.

Rehearing Denied Dec. 15, 1995.

David P. McManus of Glasson, Grove, Sole & McManus, P.C., Cedar Rapids, for appellants.

Iris E. Muchmore and Gilda L. Boyer of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

The plaintiffs filed suit against the defendants in Linn County. The defendants' motion for change of venue was granted and the case was moved to Benton County. The plaintiffs did not thereafter move for a change of venue, the matter proceeded to trial, and verdicts were returned against the plaintiffs. On appeal, the plaintiffs contend the Linn County district court erred in granting the motion for change of venue. We affirm.

## I. *Background.*

In October 1991 James Becker, the principal plaintiff, was criminally charged in Benton County with child endangerment and assault causing injury based on allegations that he physically abused Robert Rickels, the son of Christina Rickels with whom Becker was living. The criminal investigation was conducted by Peter Wright, a detective of the Benton County sheriff's department. Wright was supervised by the Benton County sheriff, Kenneth Poppenhagen. A related child-in-need-of-assistance action was also brought in Benton County. Robert Rickels and Christina Rickels' other three children (one of whom she had by Becker) were subpoenaed to attend medical examinations at a Cedar Rapids hospital to determine whether abuse, physical or sexual, could be detected. The criminal charges against Becker were dismissed in April 1992.

In March 1993 Becker, Rickels, and the four children filed a petition in Linn County against Wright, Poppenhagen and Benton County. The plaintiffs alleged that all parties resided in Benton County and that Becker was improperly charged and investigated in Benton County. They alleged various counts but, as they describe in their appellate brief, they were "principally claiming malicious prosecution." The petition further alleged, "Plaintiffs' damages have occurred in Benton and Linn Counties."

The defendants moved for a change of venue, arguing (1) the bases for the claims were events that occurred in Benton County, (2) all parties resided in Benton County, (3) two of the defendants were public officials of Benton County who, pursuant to Iowa Code section 616.3 (1993), must be sued where the cause arose—Benton County, (4) plaintiffs' alleged damages in Linn County were not supported by factual allegations in the petition, and (5) pursuant to Iowa Code section 616.17, personal actions must be brought in a county where some of the defendants reside—again Benton County.

Plaintiffs resisted the motion. They asserted venue was proper under Iowa Code section 616.18 as that section allowed suit in the county where defendants resided or where injury or damage was sustained. They also alleged that, had suit been brought in Benton County, they would have been entitled to a change of venue under Iowa Rule of Civil Procedure 167(a) because the county was a party. Becker and Rickels submitted affidavits in support of their claim that injury or damage was sustained in Linn County: Rickels averred that she worked in Linn County and that a newspaper article about the criminal action against Becker was circulated by a person at her place of employment. She asserted she and the children had to go to Linn County to see their attorney. She also stated her employment was disrupted due to absences required by seeing her attorney and attending legal proceedings in Benton County. Becker avowed that he knew people in Linn County. He also asserted his ex-wife denied him visitation with his children, who resided in Linn County. Finally, Becker stated he had to pay his attorney, whose office was in Linn County.

The Linn County district court ruled that venue should be changed to Benton County. It concluded all events triggering the plaintiffs' lawsuit occurred in Benton County. It rejected plaintiffs' allegations that they "sustained" injury or damage anywhere but in Benton County. The court rejected the argument that venue should not be changed because of rule 167(a). It noted, however, that the plaintiffs could raise the issue in Benton County.

The action was moved to Benton County. The plaintiffs did not move for a change of venue pursuant to rule 167(a). The matter proceeded to jury trial and the jury returned verdicts against the plaintiffs. The plaintiffs

then moved for a new trial alleging, among other things, that the Linn County court erred in granting the change of venue motion. The new trial motion was overruled in its entirety and the plaintiffs appeal.

## II. Scope of Review.

■ We review for errors of law. Iowa R.App.P. 4. A decision to grant or deny a motion for change of venue rests in the sound discretion of the trial court. *See Locksley v. Anesthesiologists of Cedar Rapids, P.C.*, 333 N.W.2d 451, 454 (Iowa 1983). Consequently, we will reverse only upon a finding of an abuse of that discretion. *Cf. Thompson v. Rozeboom*, 272 N.W.2d 444, 447 (Iowa 1978) (record sufficient to have sustained motion for change of venue and therefore grant of motion for new trial was not improper).

## III. Discussion.

### A. Was venue proper in Linn County?

Two sections are relevant to our discussion. Iowa Code section 616.17 provides in part:

Personal actions, *except as otherwise provided*, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found.

(Emphasis added.) We have held that section 616.18 falls within the italicized exception. *Johnson v. Nelson*, 275 N.W.2d 427, 431 (Iowa 1979).

Iowa Code section 616.18 provides:

Actions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained.

Plaintiffs allege venue is proper in Linn County pursuant to Iowa Code section 616.18. They contend theirs is a "personal action" under section 616.17, "arising out of injuries to a person or damage to property" which thus could be brought "in the county in which the injury or damage is sustained," pursuant to section 616.18.

■ (1) *"Personal action."* There is no real doubt that this suit consisting of various tort claims falls within the meaning of "personal action" in section 616.17. *See Tull v. Honda Research & Dev. Ltd.*, 469 N.W.2d 683, 686 (Iowa 1991) (personal actions include those brought for damages because of a tort); *see also Johnson*, 275 N.W.2d at 429 (confirming earlier case law that legal malpractice action is a personal action within meaning of section 616.17).

(2) *"Arising out of injuries to a person or damage to property."* We will assume, without deciding, that this case presents claims "arising out of injuries to a person or damage to property." *Cf. Johnson*, 275 N.W.2d at 430 (interpreting parallel "property" clause in section 616.18 broadly).

■ (3) *"In which the injury or damage is sustained."* In *Johnson*, the plaintiff sued the defendant for legal malpractice after the plaintiff's personal injury action was dismissed for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1. 275 N.W.2d at 428. We concluded the plaintiff's property (his personal injury action) was damaged by the dismissal. *Id.* at 430–31. We further concluded that the damage was "sustained" in Polk County, where the dismissal occurred. *Id.* at 431. We now make explicit what we believe was implicit in *Johnson*. Injury is "sustained" for purposes of Iowa Code section 616.18 in the county where the event or events triggering the lawsuit occurred.

Here, the events triggering the plaintiffs' lawsuit all occurred in Benton County. It was there that Jim Becker was arrested, that criminal charges were filed, that a restraining order prohibiting him from having any contact with the Rickels children was issued, and that the child-in-need-of-assistance action was filed. Any injury to plaintiffs' persons or damage to their property was sustained for purposes of section 616.18 in Benton County.

■ Plaintiffs argue, however, that they suffered damage to their reputations in Linn County because they had friends and ac-

quaintances there. Although damage to reputation is certainly an element of damages recoverable in a malicious prosecution case, *see Flam v. Lee*, 116 Iowa 289, 292–93, 90 N.W. 70, 71 (1902), we do not find the contention controlling. We do not believe the legislature intended to allow venue to lie in any county where collateral consequences related to the actions complained of might be felt.

■ Venue was not proper in Linn County. However, venue was proper in Benton County because that is where some of the defendants actually resided. *See* Iowa Code § 616.17. Consequently, the district court did not err in granting the defendants' motion for change of venue. *See Atchison, Topeka & Santa Fe Ry. v. Mershon*, 181 Iowa 892, 896, 165 N.W. 86, 87 (1917) (venue was proper only in Lee County; Polk County district court had no discretion and erred in denying motion for change of venue).

> B. *Was venue proper in Benton County in light of Iowa Rule of Civil Procedure 167(a) (county a party)?*

■ Plaintiffs argue that the Linn County district court erred in moving this case to Benton County due to Iowa Rule of Civil Procedure 167(a). Rule 167 provides in part:

> **Grounds for change.** On motion, the place of trial may be changed as follows:
>
> a. *County.* If the county where the case would be tried is a party and the motion is by an adverse party, the issue being triable by a jury, and a jury having been demanded; ....

Plaintiffs correctly note that if the moving party brings itself within the rule's requirement, a change of venue under rule 167(a) is mandatory. *See Willesen v. Davidson*, 249 Iowa 1104, 1107, 90 N.W.2d 737, 739 (1958) ("Where the county is a party, ... and the pleadings meet the requirements of the rule as to change of venue, no discretion remains in the trial court. Change of venue is mandatory, although the word used in the statute is 'may' and not 'shall.' ").

The defendants contend, however, that this issue was waived because the plaintiffs failed to move for a change of venue in Benton County. We agree. The rule, by its own terms, requires a motion for change of venue. Plaintiffs did not move for a change of venue pursuant to rule 167(a) and thus they did not invoke the rule's protections. *Cf. Riessen v. Neville*, 425 N.W.2d 665, 667 (Iowa App.1988) (change of venue mandatory pursuant to rule 167(a) only if a timely motion for change of venue is filed).

IV. *Summary.*

The district court did not err in granting the defendants' motion for change of venue from Linn County to Benton County. Venue was not proper in Linn County because plaintiffs did not "sustain" injury there as that term is used in section 616.18. Plaintiffs waived any contention that venue was improper in Benton County pursuant to rule 167(a) because they failed to move for a change of venue in the Benton County district court. We affirm the district court order granting the defendants' motion for change of venue.

**AFFIRMED.**