**Kimberly CRUMRINE, as Administrator of the Estate of Randy B. Crumrine, Deceased, Plaintiff,**

**v.**

**NEG MICON USA, INC., a Minnesota corporation, formerly known as Micon Wind Turbines US, Inc., and Robert L. Carr Co., a Minnesota Corporation, Defendants.**

**No. C98–3046–MWB.**

United States District Court, N.D. Iowa, Central Division.

July 17, 2000.

Barry T. Bruner, Bruner & Bruner, Carroll, IA, Dee Ann Wunschel, Russell S. Wunschel, Wunschel Law Firm, P.C., Carroll, IA, for plaintiff.

Gregory W. Deckert, Shalanda D. Ballard, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, Steven J. Andreason, Gildmeister, Wilia & Keane, L.L.P., Sioux City, IA, for NEG Micon, defendant.

James C. Huber, Huber, Book, Cortese, Happe & Brown, P.L.C., Des Moines, IA, for Robert L. Carr Co., defendant.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' RENEWED MOTION TO DETERMINE PROPER VENUE FOR TRIAL

BENNETT, Chief Judge.

█ Where an action may be tried is no trivial question, as proper venue is a component of the due process requirement of " '[a] fair trial in a fair tribunal.' " *See Holt v. Virginia,* 381 U.S. 131, 136, 85 S.Ct. 1375, 14 L.Ed.2d 290 (1965) (quoting *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)). The defendants in this diversity action, which was removed to federal court, assert that venue is not proper in one division of this federal judicial district, so they seek to have the action transferred to another division for trial. The plaintiff contests the transfer, asserting that the division to which the defendants seek to have the action transferred would only be more convenient for defendants' counsel, but less convenient for all of the other participants in the trial. The court must decide where this action shall be tried.

## *I. INTRODUCTION*

This matter comes before the court pursuant to defendant NEG Micon's July 3, 2000, renewed motion to determine and change venue for trial, in which defendant Robert L. Carr Company (Carr) joined on July 10, 2000. The defendants assert that venue was never proper in the Iowa District Court for Carroll County, the court in which plaintiff Crumrine's suit was originally filed, and thus was never proper under 28 U.S.C. § 1391(a) in the Central Division of the Northern District of Iowa upon removal to federal court. Consequently, they contend that this matter must be transferred to the Western Division of the Northern District of Iowa pursuant to 28 U.S.C. § 1406(a). In the alternative, the defendants contend that this

matter should be transferred to the Western Division of the Northern District of Iowa for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Crumrine resisted the motion to determine and change venue for trial on July 12, 2000, asserting that venue is proper in the Northern District of Iowa, Central Division, pursuant to 28 U.S.C. § 95(a)(4), and that no change is appropriate in light of the difficulties inherent in travel and the lack of any adequate, articulated reason for changing venue. Crumrine contends that trial in the Western Division, in Sioux City, would only be more convenient for counsel for NEG Micon, while trial in the Central Division, in Fort Dodge, would be more convenient for all other participants involved.

As indicated above, plaintiff Crumrine originally filed this action in the Iowa District Court for Carroll County on June 1, 1998. Crumrine alleges that defendants NEG Micon and Carr were negligent in failing to provide a safe workplace for her deceased husband, Randy Crumrine. Crumrine contends that, as a result of the defendants' negligence, her husband was killed when the crane he was operating collapsed at a worksite prepared by the defendants.

Defendant Carr filed a Notice of Removal on June 18, 1998, removing the action to the United States District Court for the Northern District of Iowa, Central Division. On June 29, 1998, defendant NEG Micon also filed a Notice of Removal with an Alternative Motion for Change of Venue, followed on July 2, 1998, by an Amendment to Notice of Removal and Alternative Motion for Change of Venue. In these filings, NEG Micon requested that the action be removed, or transferred upon removal, to the Western Division of the Northern District of Iowa. Crumrine responded to the notices of removal filed by both defendants by filing motions to remand to state court. Thereafter, on July 18, 1998, defendant Carr joined in NEG Micon's motion for a change of venue.

By order dated November 24, 1998, the court denied both Crumrine's motions to remand and the defendants' motion to transfer venue. However, the court stated that the defendants would be permitted, if they so desired, to renew and supplement their motion for transfer of venue prior to trial. By order dated February 2, 2000, the court rescheduled trial to begin on August 29, 2000, and set a deadline of July 1, 2000, for the parties to file briefs on the question of whether the case is properly venued in the Central or Western Division of the Northern District of Iowa. The defendants' renewed motions to determine and change venue followed in due course.

## II. LEGAL ANALYSIS

### A. "Divisional" Venue

The defendants are correct that 28 U.S.C. § 1406(a) provides for the cure of defects in venue as follows: "The district court of a district in which is filed a case laying venue in the wrong *division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any *district or division* in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). However, the defendants' reliance on 28 U.S.C. § 1391(a) for the proposition that the Central Division is the "wrong venue" is misplaced, as is their reliance on *Hemann v. Murlas Commodities, Inc.*, 666 F.Supp. 1299 (N.D.Iowa 1987), for the proposition that this case must be transferred, because venue was laid in the "wrong division."

First, § 1391(a) is silent on "divisional" venue, instead establishing the proper venue for diversity actions in terms of "judicial districts." [1] The defendants do

1. Section 1391(a) provides as follows:
 (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a *judicial district* where any defendant resides, if all defen-

dants reside in the same State, (2) a *judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a *judicial district* in which any defen-

not contend that the Northern District of Iowa is the wrong *district* in which to venue this case. Thus, § 1391(a) does not dictate that the Central Division of the Northern District of Iowa is the "wrong venue"; rather, the venue requirements of § 1391(a), if they are applicable, have been satisfied, because this *district* is the proper one to entertain this action where defendants concede that it is "a *judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a).

Similarly, the decision in *Hemann* is inapposite. That action was originally brought in federal court in Iowa, unlike the present action, which was removed to federal court, and the action in *Hemann* was a non-diversity "federal question" action to which § 1391(a) was inapplicable. *Hemann*, 666 F.Supp. at 1300 (the plaintiff brought the action in federal court, alleging violations of the Commodity Exchange Act and RICO, and included a pendent state claim of fraud). Moreover, the court in *Hemann* determined that *Iowa* was not a proper venue under § 1391(b), because the plaintiff's claim "arose" in the Northern District of Illinois, and *Iowa* was not a proper venue under § 1391(c), because the defendant was not "doing business" in any Iowa judicial district. *Hemann*, 666 F.Supp. at 1301. Thus, the *Hemann* decision says nothing whatsoever about the necessity of transferring an action laid in the "wrong division."

Furthermore, in 1988, Congress repealed the federal statute that formerly established "divisional venue" in civil cases in federal court, 28 U.S.C. § 1393 (repealed effective February 17, 1989). *See Bishop v. C & P Trucking Co., Inc.*, 840 F.Supp. 118, 119 (N.D.Ala.1993) ("When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100–702, the concept of divisional venue disappeared."). Thus, references to venue laid

in the "wrong division" in § 1406(a) could perhaps be read as "vestigial" language addressed to failure to satisfy the now-defunct "divisional venue" statute, or as language addressed to the possibility that certain multi-division federal districts will have "divisional venue" rules. However, no local rule of the Northern District of Iowa establishes "divisional venue" requirements. *See I & M Rail Link v. Northstar Navigation*, 21 F.Supp.2d 849, 858 (N.D.Ill.1998) ("Because the Northern District of Illinois has no local rule requiring divisional venue, [the plaintiff] could have filed [its federal] suit in either division."); *Bishop*, 840 F.Supp. at 119 ("Absent a requirement of divisional venue, [the plaintiff] could just as easily have filed his complaint [in his federal lawsuit] in the Southern District [of Alabama]," although "[t]he repeal of § 1393 does not abrogate local rules respecting divisional venue."); *and compare NCR Corp. v. Gartner Group, Inc.*, 1997 WL 1774881, *3 (S.D.Ohio Sept.15, 1997) (unpublished decision) (repeal of § 1393 did not preclude a district's adoption of venue provisions in its local rules, and the local rules of the Southern District of Ohio established jurisdictional and venue boundaries for the divisions of the district).

Although "divisional venue" is not a *requirement*, courts have upon occasion considered intra-district transfers in light of the factors identified for determining transfer from one district to another for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). *See, e.g., Bishop*, 840 F.Supp. at 119–20 (since court could be held at any courthouse within the district even without the consent of the parties, by implication of FED.R.CIV.P. 77(b), a federal case that could have been brought in either of two divisions within the district could be transferred from one division to the other, for the convenience of the parties and in the interest of justice, as pro-

dant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).

vided in 28 U.S.C. § 1404(a)); *Concrete Structures of the Midwest, Inc. v. TRECO Constr. Servs., Inc.,* 1996 WL 67213, *3 (N.D.Ill. Feb.16, 1996) (unpublished decision) (in the absence of a venue statute, such as § 1393 (repealed), or a local rule, venue is proper in any division of the proper district, and a transfer of venue between divisions cannot be obtained pursuant to 28 U.S.C. § 1406(a), but must be sought on the basis of § 1404). Even so, the court concludes that neither § 1391(a) nor § 1404(a) provides the basis for determining where trial of this action should be held.

### B. Venue In A Removed Action

Although the defendants have proceeded on the assumption that "divisional venue" and an intra-district transfer in this case should be treated under federal venue statutes, this is not an action originally filed in federal court, but an action originally filed in state court and removed to this federal court pursuant to 28 U.S.C. § 1441. The fact that the action was originally filed in state court does matter.

As the Second Circuit Court of Appeals recently explained in *PT United Can Co., Ltd. v. Crown Cork & Seal Co.,* 138 F.3d 65 (2d Cir.1998),

> The law on post-removal venue challenges involves two related questions with opposite answers, lending some confusion to the issue. The first question is whether a party may challenge the propriety of venue in the particular federal court to which a case has been removed. The answer is that the removal statute provides that venue is proper in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (1994). Moreover, the removal statute, and not the ordinary federal venue statute, 28 U.S.C.A. § 1391 (West Supp.1997), governs venue in removed cases. *Polizzi [v. Cowles Magazines, Inc.],* 345 U.S. [663,] 665–66, 73 S.Ct. [900,] 902–03, 97 L.Ed. 1331 [ (1953) ]. Thus, a party may challenge removal as itself improper, or

as having been made to the wrong district court if the case was removed to a district court other than that "embracing" the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there. *See id.* A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision. 28 U.S.C. § 1404(b) (1994).

> *The second question is whether a defendant who has removed a case to federal court may challenge the propriety of venue in the state court, or whether that right has been waived by removal. The answer to this question is different, but equally clear. A party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action. Moss v. Atlantic Coast Line R.R. Co.,* 157 F.2d 1005, 1006 (2d Cir.1946) (A "defendant is not precluded from having the suit dismissed because its motion to remove was in any sense the waiver of a right, for it has waived nothing by taking that action"); *Greenberg v. Giannini,* 140 F.2d 550, 553 (2d Cir.1944). Although federal jurisdiction in a removed action is original, not appellate, and should proceed as though commenced in federal court, *Freeman v. Bee Machine Co.,* 319 U.S. 448, 452, 63 S.Ct. 1146, 1148–49, 87 L.Ed. 1509 (1943),

> > [w]here a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case.... That is true even where the federal court would have jurisdiction if the suit were brought there.

*Id.* at 449, 63 S.Ct. at 1147 (citations omitted); *see also Arizona v. Manypenny,* 451 U.S. 232, 243 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981) (federal removal jurisdiction derivative;

district court does not obtain jurisdiction "upon removal, even though the federal court would have had jurisdiction if the suit had originated there"). Lest any confusion remain, Learned Hand further explains:

> At times courts have indeed spoken as though removal to a federal court "waived" some defect of venue.... When a defendant removes an action from a state court in which he has been sued, he consents to nothing and "waives" nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no "waiver."

*Greenberg,* 140 F.2d at 553 (citations omitted). Because the " 'jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction,' " any defect in jurisdiction or process present in the state suit may be asserted in the district court. *Freeman,* 319 U.S. at 449, 451, 63 S.Ct. at 1147, 1147–48 (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922) ·(Brandeis, J.)).

*PT United Can Co., Ltd.,* 138 F.3d at 72–73 (emphasis added); *accord Lambert v. Kysar,* 983 F.2d 1110, 1113 n. 2 (1st Cir. 1993) (venue on removal is not determined according to 28 U.S.C. § 1391, but according to § 1441(a), and a defendant does not waive challenges to venue in state court by removing the action to federal court, because removal must be into the district where suit is pending); *Mullen v. Sears, Roebuck & Co.,* 887 F.2d 615, 617–18 (5th Cir.1989) (removal does not cure venue defects in the action originally brought in state court and venue in the original state-court action is determined according to state law); *Brown v. Texarkana Nat'l Bank,* 889 F.Supp. 351, 352 (E.D.Ark.1995) (a federal court cannot "acquire" jurisdiction over a removed action where the original state-court action was brought in the wrong venue, ·and so the federal court must determine whether venue was proper

in the original state-court action by reference to state venue law). *See also Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 299 (5th Cir.1999) (where the plaintiff originally filed a removed action in an improper venue in state court, the court determined the effect of that improper venue upon the "prescription" of the action by reference to state law).

■ Here, a case originally brought in state court was indeed removed to the "district and division embracing the place where [this] action [was] pending," 28 U.S.C. § 1441(a), that is, to the Central Division of the Northern District of Iowa, which embraces Carroll County where Crumrine's state-court action was originally filed, so that the "first question" identified by the Second Circuit Court of Appeals in *PT United Can Company* is not at issue here. *See PT United Can Co., Ltd.,* 138 F.3d at 72 (the first question is whether a party may. challenge the propriety of venue in the particular federal court to which a case has been removed). However, the "second question" identified by the Second Circuit Court of Appeals certainly is at issue here, because the defendants contend that venue was never proper in the Iowa District Court for Carroll County. *Id.* (identifying the second question as whether venue in state court can be challenged after removal to federal court, and answering in the affirmative). In short, venue in this case is determined according to 28 U.S.C. § 1441(a), which establishes venue in removed actions, and according to state law, which determines the propriety of venue in the original state-court action, but venue here is not determined according to 28 U.S.C. § 1391, which is the venue statute applicable only to actions originating in federal court. *Id.* at 72–73; *Lambert,* 983 F.2d at 1113 n. 2 (venue on removal is determined according § 1441(a), not § 1391(a), and a defendant does not waive challenges to venue in state court by removing the action to federal court); *Mullen,* 887 F.2d at 617–18 (removal does not cure venue defects in the action originally brought in state court and

venue in the original state-court action is determined according to state law); *Brown*, 889 F.Supp. at 353–55 (in a removed action, the court determined whether venue was proper in the original state-court action by reference to state law, and where venue was lacking in the underlying state-court action, the federal court did not have jurisdiction over the removed action).

Furthermore, Crumrine's assertion that venue is proper in the Central Division of the Northern District of Iowa pursuant to 28 U.S.C. § 95(a)(4) is correct only in so far as § 95(a)(4) identifies the Central Division of the Northern District of Iowa as embracing Carroll County, *see* 28 U.S.C. § 95(a)(4) ("The Central Division [of the Northern District of Iowa] comprises the counties of ... Carroll ...."), and so, pursuant to 28 U.S.C. § 1441(a), this action could not have been removed to any other federal court. Section 95(a)(4), however, says nothing whatsoever about whether the original state court action was properly venued in Carroll County.

■ The applicable venue provision under Iowa law provides that "[a]ctions arising out of injuries to a person or damage to property may be brought in the county in which the defendant, or any one of the defendants, is a resident or in the county in which the injury or damage is sustained." Iowa Code § 616.18. "Section 616.18 was initially enacted as a special venue statute governing the trial of motor vehicle accident claims. The [Iowa] legislature amended the statute in 1972, however, to eliminate the motor vehicle limitation and make the statute more broadly applicable to actions 'arising out of injuries to a person or damage to property.'" *Benton v. Slater*, 605 N.W.2d 3, 5 (Iowa 2000) (quoting *Johnson v. Nelson*, 275 N.W.2d 427, 429 (Iowa 1979), in turn quoting Iowa Code § 616.18); *see also Becker v. Wright*, 540 N.W.2d 250, 253 (Iowa 1995)

(Iowa Code § 616.18 is a special venue provision that falls within the "except as otherwise provided" language of the "general" venue statute, Iowa Code § 616.17). This action, which involves tort claims for alleged negligence that resulted in the death of the plaintiff's husband, is clearly an "[a]ctio[n] arising out of injuries to a person." Iowa Code § 616.18. In *Becker*, the Iowa Supreme Court concluded that "[i]njury is 'sustained' for purposes of Iowa Code section 616.18 in the county where the event or events triggering the lawsuit occurred." *Becker*, 540 N.W.2d at 252. That county, in this case, is not Carroll County, where the action was originally brought, but Osceola County, where the crane accident in which Randy Crumrine was killed occurred. Although Carroll County is the plaintiff's county of residence, and the plaintiff's estate doubtless suffered consequences there, the Iowa Supreme Court has explained that "[w]e do not believe the legislature intended to allow venue to lie in any county where collateral consequences related to the actions complained of might be felt." *Id.* at 254. Thus, venue was not proper, as a matter of state law, in Carroll County, but would have been proper, as the defendants contend, in Osceola County. Osceola County lies in the Western Division of the Northern District of Iowa. *See* 28 U.S.C. § 95(a)(3).

Iowa law provides that civil actions brought in the wrong county "may be prosecuted there until termination, unless a defendant, before answer, moves for change to the proper county." Iowa R.Civ.P. 175.[2] Although it would otherwise have been permissible to prosecute this entire action in Carroll County, and consequently, in the Central Division of the Northern District of Iowa, which embraces Carroll County, defendant NEG Micon filed a pre-answer motion for

---

**2.** Iowa Rule of Civil Procedure 175 provides that, upon a defendant's motion for change of venue, "the court shall order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county" and that "[i]f all such costs are not paid within twenty days of the transfer order, the action shall be dismissed." Iowa R.Civ.P. 175(a) & (b).

change of venue. *See id.* In its June 29, 1998, Notice of Removal/Alternative Motion for Change of Venue, which was filed at the same time as its Answer, NEG Micon specifically asserted that venue was improper in Carroll County, but would be proper in Osceola County.

 Because venue in this action was not proper in Carroll County, and the defendants have not waived their challenge to venue by removing this action to federal court, it follows that the removed action should be transferred to the Western Division of the Northern District of Iowa, which embraces the Iowa county that would be the proper venue for the action, Osceola County.

Although the court suggested above that the "*wrong division*" language of 28 U.S.C. § 1406(a), the federal statute providing for the cure of defects in venue, could be read as "vestigial" language addressed to the now-defunct "divisional venue" statute, 28 U.S.C. § 1393, or the possibility that some districts with multiple divisions may have local "divisional venue" rules, the court also believes that this "wrong division" language in 28 U.S.C. § 1406(a) also authorizes intra-district transfers of removed actions that, as a matter of state law, were originally filed in the "wrong division." *See* 28 U.S.C. § 1406(a). This is so, because transfer to "any ... division in which [the removed action] could have been brought," would be "in the interest of justice," *id.,* where the action could—and should—have been brought in Osceola County, which is embraced by the Western Division of this federal judicial district, and Iowa law would have *required* the transfer from Carroll County to Osceola County, had the action remained in state court. *See* Iowa R.Civ.P. 175(a) (upon a motion to transfer an action brought in the wrong county, "the court *shall* order the change....") (emphasis added).

### III. CONCLUSION

The defendants' renewed motions to determine and change venue for trial are **granted.** Pursuant to 28 U.S.C. § 1406(a),

this action is **transferred** from the Central Division to the Western Division of the Northern District of Iowa. The Clerk of Court shall re-docket the case accordingly without fee. The case shall proceed to trial in **Sioux City** on the date previously scheduled, Monday, September 11, 2000, at 9:00 a.m.

**IT IS SO ORDERED.**