Tom J. HOLLIS, Plaintiff-Appellant,

v.

FLORIDA STATE UNIVERSITY, by and through The Board of Regents of the State of Florida, Defendant-Appellee.

No. 00-11627.

United States Court of Appeals,

Eleventh Circuit.

July 30, 2001.

Appeal from the United States District Court for the Middle District of Florida. (No. 99-00625-CV-J-21B), Ralph W. Nimmons, Jr., Judge.

Before EDMONDSON and RONEY, Circuit Judges, and JORDAN[*], District Judge.

JORDAN, District Judge:

When an action is removed from state court to federal court, it is removed to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The question presented by this appeal is whether a defendant can obtain dismissal of a removed action on the ground that, when originally filed in state court, the action lacked proper venue under state law. We conclude that state-law venue deficiencies cannot be the basis for dismissal of a removed action because 28 U.S.C. § 1441(e), which was enacted in 1986, abrogated the theory of derivative jurisdiction. Upon removal the question of venue is governed by federal law, not state law, and under § 1441(a) a properly removed action necessarily fixes venue in the district where the state court action was pending. A defendant dissatisfied with venue after removal may, however, seek a transfer to another division or district under federal law. *See, e.g.,* 28 U.S.C. § 1404(a).

I

In May of 1999, Tom Hollis sued Florida State University in the Circuit Court in and for Duval County, Florida, which comprises the state's Fourth Judicial Circuit. Mr. Hollis alleged in his complaint that he suffered from chronic fatigue syndrome, that he had been unable to complete his qualifying examination in the Ph.D. program in communications due to this disability, and that FSU had improperly dismissed him from the program in March of 1998. Mr. Hollis asserted claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* the Rehabilitation Act, 29 U.S.C. § 701 *et seq.,* and the Florida Civil Rights Act,

[*]Honorable Adalberto Jordan, U.S. District Judge for the Southern District of Florida, sitting by designation.

Fla. Stat. § 760.01 *et seq.*

FSU removed the case to the U.S. District Court for the Middle District of Florida, and simultaneously moved under 28 U.S.C. § 1404(a)[1] to transfer venue to the U.S. District Court for the Northern District of Florida. FSU argued that Mr. Hollis' claims were based on his graduate studies at FSU's campus in Tallahassee, Florida, which is located in the Northern District. FSU also asserted that the relevant documents, as well as Mr. Hollis' professors, were in Tallahassee. Mr. Hollis opposed the § 1404(a) motion. FSU, he argued, had not demonstrated that a trial in Tallahassee would be substantially more convenient than a trial in Jacksonville. In reply, FSU cited the Second Circuit's decision in *PT United Can Co., Ltd. v. Crown Cork & Seal Co.,* 138 F.3d 65, 72 (2d Cir.1998), for the proposition that removal did not constitute a waiver of its right to seek a change of venue. FSU also maintained that the district court's removal jurisdiction was merely derivative. The district court, said FSU, merely inherited what the state court had—an improperly filed case that had to be dismissed under Fla. Stat. § 47.011,[2] the state venue statute, or transferred pursuant to 28 U.S.C. § 1406(a).[3]

The district court denied FSU's § 1404(a) motion, explaining that Mr. Hollis and his witnesses lived in or near Jacksonville and that there was no specific need to try the case in Tallahassee. The district court then followed *PT United* and held that, following removal, a federal court can consider the propriety of venue under state law and dismiss the action if such venue was improper when the action was initially filed. Turning to Fla. Stat. § 47.011, the district court ruled that venue for Mr. Hollis' action was improper in the Circuit Court in and for Duval County, and that FSU could be sued only in the Circuit Court in and for Leon County (where Tallahassee is located).

Finally, the district court addressed the possibility of a transfer to the U.S. District Court for the Northern District of Florida under § 1406(a). The district court found this provision inapplicable, reasoning that a removed action is not an action "laying venue in the wrong division or district." Finding no basis to

---

[1]"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

[2]"Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located[.]" Fla. Stat. § 47.011.

[3]"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

transfer the case, the district court dismissed it without prejudice due to "improper venue in the [state] circuit court."

Mr. Hollis moved for reconsideration. He informed the district court that his FCRA claims would be time-barred if a new action had to be filed. He also argued that, under what he termed the majority rule, a district court had the authority under § 1406(a) to transfer a removed case whose venue had been improper under state law. FSU opposed Mr. Hollis' motion. It pointed out that the federal courts were evenly divided on the § 1406(a) issue, and maintained that the district court had no jurisdiction to do anything but dismiss Mr. Hollis' action upon concluding that venue had been improper under state law. The district court denied the motion for reconsideration, and this appeal followed.

II

Mr. Hollis argues that the district court erred in dismissing the action due to improper venue under state law. Our review of the district court's decision is plenary. *See, e.g., Peterson v. BMI Refractories,* 124 F.3d 1386, 1390 (11th Cir.1997). Because FSU decided not to cross-appeal the district court's denial of its requests for transfer under §§ 1404(a) and 1406(a), those rulings are not before us.

A

The district court, relying on *PT United,* dismissed Mr. Hollis' complaint because the action, when originally filed, lacked proper venue under Florida law. In *PT United,* the Second Circuit, although not addressing venue challenges made by certain defendants in an action removed to federal court, explained in dicta that a defendant who removes a case to federal court does not, by so doing, waive any state-law venue challenges. Citing to cases like *Freeman v. Bee Machine Co.,* 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943), and *Greenberg v. Giannini,* 140 F.2d 550, 553 (2d Cir.1944) (L.Hand, J.), the Second Circuit reasoned that there is no waiver because "[w]here a state court lacks jurisdiction of the subject matter or of the parties," the federal district court "acquires none on a removal of the case." *PT United,* 138 F.3d at 72-73. "Because the 'jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction,' any defect in jurisdiction or process present in the state suit may be asserted in the district court." *Id.* at 73. As explained below, we do not find the dicta in *PT United* persuasive.

The judicially-created theory of derivative jurisdiction, which provided the basis for the Second Circuit's venue discussion in *PT United,* has been around for a long time, and was cited with approval by the Supreme Court as late as 1981. *See Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 68

L.Ed.2d 58 (1981). A good summary of the theory can be found in *Lambert Run Coal Co. v. Baltimore & O.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922): "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

It would be hard to criticize *PT United* if the theory of derivative jurisdiction retained its vitality today, but the theory has been superseded by statute and no longer has any force. In 1986 Congress amended § 1441, the general removal provision, by adding subsection (e). That subsection provides that a district court to which a civil action is removed is "not precluded from hearing and determining any claim" simply because the state court from which the action was removed "did not have jurisdiction over that claim." As many of our sister circuits have recognized, § 1441(e) has abrogated the theory of derivative jurisdiction. "While it was once settled law that a federal court's removal jurisdiction was derived from the state court's jurisdiction, this rule has been abolished by [§ 1441(e) ]." *Lloyd v. FDIC,* 22 F.3d 335, 336 n. 2 (1st Cir.1994). *Accord Rosciszewski v. Arete Assoc., Inc.,* 1 F.3d 225, 232 n. 6 (4th Cir.1993); *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1548 & n. 12 (5th Cir.1991); *North Dakota v. Fredericks,* 940 F.2d 333, 335-36 (8th Cir.1991); *Nishimoto v. Federman-Bachrach & Assoc.,* 903 F.2d 709, 714 n. 11 (9th Cir.1990); *Morda v. Klein,* 865 F.2d 782, 783 (6th Cir.1989).

Although *PT United* was decided in 1998, the Second Circuit did not discuss § 1441(e) and relied on derivative jurisdiction cases decided prior to 1986. The dicta in *PT United* therefore seems to us to be inaccurate, and cannot support the district court's dismissal of Mr. Hollis' action.[4] We recognize, of course, that *PT United* does not stand alone, and that other authorities contain language in accord with the Second Circuit's discussion. But these cases and treatises suffer from the same problems as *PT United*—the failure to acknowledge § 1441(e) and/or the reliance on derivative jurisdiction cases. *See, e.g., Lambert v. Kysar,* 983 F.2d 1110, 1113 n. 2 (1st Cir.1993); *Transure, Inc. v. Marsh and McLennan, Inc.,* 766 F.2d 1297, 1300 (9th Cir.1985); *Crumrine v. NEG Micon USA, Inc.,* 104 F.Supp.2d 1123, 1127-28 (N.D.Iowa 2000); *Brown v. Texarkana Nat'l Bank,* 889 F.Supp. 351, 352 (E.D.Ark.1995). *See also* J. MOORE, 17 MOORE'S FEDERAL PRACTICE § 110.08 (3d ed.2001) (citing *PT United* favorably without accounting for § 1441(e)'s abrogation

---

[4]As far as we can tell, § 1441(e) was not brought to the district court's attention, and has not been mentioned in the briefs filed here.

of the theory of derivative jurisdiction).

B

In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953) (holding that action removed pursuant to § 1441(a) could not be dismissed by district court on ground that venue under § 1391 would have been improper if action had originally been brought in federal court: "[E]ven on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by ... § 1441(a), and under that section venue was properly laid in the Southern District of Florida [the district in which the state action had been pending]."). *See also Moss v. Atlantic Coast Line R. Co.,* 157 F.2d 1005, 1006 (2d Cir.1946) ("The reason [the defendant] cannot prevail in its present attempt to dismiss the suit for improper venue is simply because the venue is proper by virtue of the provisions of [the removal statute.]"). The geographic component of § 1441(a) "is a venue provision," *Peterson,* 124 F.3d at 1392, and we see no reason—aside from the now-abrogated theory of derivative jurisdiction—to treat state-law venue challenges differently than § 1391 venue challenges. After all, "removed actions become subject to federal rather than state rules of procedure." *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523, 525 (5th Cir.1978). *See also Stewart Org., Inc. v. Ricoh Corp.,* 810 F.2d 1066, 1068 (11th Cir.1987) (*en banc* ) ("Venue is a matter of federal procedure .... "), *aff'd on other grounds,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

Given how cases like *Polizzi* and *Peterson* have construed § 1441(a), it is unnecessary (and, we think, confusing) to say, as have some courts and commentators, that a defendant who removes a case to federal court "waives" any venue challenges. *See, e.g.,* C. WRIGHT, A. MILLER, & E. COOPER, 14C FEDERAL PRACTICE & PROCEDURE § 3726 (3d ed.1998). Because § 1441(a) does not give a removing defendant a choice of districts to remove to, it may not be entirely accurate to characterize removal as the voluntary relinquishment of a legal right. For our purposes it sufficient to recognize that, as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed. *See Serrano v. United States Fire Ins. Co.,* No. EP-00-CA-255-DB (W.D.Tex. Nov.7, 2000); *Bacik v. Peek,* 888 F.Supp. 1405, 1413 (N.D.Ohio 1993);

R. GIVENS, 1 MANUAL OF FEDERAL PRACTICE § 2.28 (5th ed.1998).

This does not mean that a defendant in a removed action is left without options if it believes that the case can be better litigated and tried in another division or district. As did FSU, a defendant can seek a transfer under § 1404(a). *See Serrano* ("[T]he only proper way [for a removing defendant] to assert a challenge to venue, without flouting the venue provisions of 28 U.S.C. § 1441, is to do so pursuant to 28 U.S.C. § 1404(a).... "); *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.,* 725 F.Supp. 317, 320 (S.D.Miss.1989) ("[T]hough their removal precludes a challenge to venue as improper, defendants may still attack this venue as inconvenient."). There may even be a basis for requesting a transfer pursuant to § 1406(a). *Cf. Aguacate Consolidated Mines,* 566 F.2d at 524-25 (holding that removed action can be transferred pursuant to § 1406(a) if personal jurisdiction over defendant cannot be exercised in the district to which action is removed). We have no occasion to address the district court's §§ 1404(a) and 1406(a) rulings, however, as FSU chose not to cross-appeal on those matters.[5]

III

The district court's dismissal of Mr. Hollis' action is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.

---

[5]We also have no reason to discuss the First Circuit's conclusion in *Lambert,* 983 F.2d at 1112-13, that a district court can dismiss an action that has been properly removed on diversity grounds if the parties' contract contains a valid forum selection clause requiring litigation to be instituted in a particular state court. *Cf. Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ("[F]ederal law, specifically 28 U.S.C. § 1404(a), governs the district court's decision whether to give effect to the parties' forum selection clause and transfer this case to a court in Manhattan."); *Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1290 (11th Cir.1998) ("[M]otions to dismiss upon the basis of choice-of-forum and choice-of-law clauses [that purportedly require litigation in another country] are properly brought pursuant to Fed.R.Civ.P. 12(b)(3) as motions to dismiss for improper venue.").